OPINION
{¶ 1} Defendant-appellant Cortez Larkin appeals from his conviction and sentence in the Richland County Court of Common Pleas on one count of failure to comply with the order or signal of a police officer, a felony of the third degree, in violation of R.C. 2921.331 and one count of receiving stolen property, a felony of the fourth degree, in violation of R.C. 2913.51. Plaintiff-appellee is the State of Ohio.
 {¶ 2} On April 17, 2002, appellant was arrested and charged with one count of failure to comply with the order or signal of a police officer, a felony of the third degree, and one count of receiving stolen property, a felony of the fourth degree. On April 24, 2002, appellant appeared in court and waived his preliminary hearing. Appellant was assigned a court-appointed attorney and given a date of June 25, 2002 to appear back in the Richland County Court of Common Pleas for his arraignment. Appellant was released on bond, however, on April 24, 2002, the Warren County Sheriff took appellant into custody from the Richland County Jail.
 {¶ 3} On May 4, 2002, appellant was released from Warren County. On May 9, 2002, the Richland County Grand Jury returned an indictment against appellant in Case No. 2002CR275. Also on that date, the appellant was arrested in Franklin County on a new felony charge and was held in the Franklin County Jail. On June 25, 2002, appellant did not appear at his arraignment in the Richland County Court of Common Pleas.
 {¶ 4} Appellant remained in the Franklin County Jail from May, 2002 until October 2002. In October, 2002, appellant was sent to the reception center for Ohio State Prison in Orient, Ohio for approximately 30 days. Appellant was then sent to Pickaway Correctional Institute. Appellant remained in the Pickaway Correctional Institute until August 24, 2004 when an order to convey him from that institution to the Richland County Court of Common Pleas was filed. On September 7, 2004, appellant was arraigned on the indictment for failure to comply with the order or signal of a police officer and receiving stolen property.
 {¶ 5} On October 28, 2004, appellant filed a motion to dismiss the indictment due to the twenty-eight month delay in serving said indictment upon him. Appellant alleged that his rights to a speedy trial under R.C. 2945.71, Article I, Section10 of the Ohio Constitution and the Sixth Amendment to the United States Constitution had been violated. On November 10, 2004, the trial court held a hearing on the motion to dismiss. During the hearing, appellant testified and was subject to cross-examination by the State of Ohio. At that hearing, appellant testified that he inquired about the Richland County case at the reception center in Orient and again at the Pickaway Correctional Institute. Appellant testified that he contacted the records office to see if he had an open case and if he could get a fast and speedy trial. Appellant further testified that he ask his case manager to do another records check because he was eligible to go to the parole board for transitional parole. Appellant testified he was told that there were no open cases.
 {¶ 6} Appellant further testified that when he left Richland County he was aware that he had been charged with a felony. Appellant admitted that he never contacted his court-appointed attorney while incarcerated in Franklin County or after he had been sent to prison to see what was going on with the Richland County case. Appellant further admitted that he never filed a 180 day request to be brought to trial with either the Richland County Prosecutor's Office or the Richland County Court of Common Pleas.
 {¶ 7} The trial court overruled appellant's motion to dismiss. On November 12, 2004, appellant entered a plea of no-contest to the charges of failure to comply and receiving stolen property. The trial court sentenced appellant to a two-year prison sentence on the failure to comply, and a one year sentence on receiving stolen property charge to run concurrently. The sentence in Richland County was ordered to run consecutive to the Franklin County sentence. The court also noted that the sentence imposed was an agreed sentence pursuant to R.C. 2953.08
(D).
 {¶ 8} Appellant timely appealed and raises the following sole assignment of error for our consideration:
 {¶ 9} "I. The trial court erred as a matter of law in not dismissing a prosecution after a twenty-eight month post indictment delay."
 {¶ 10} In his sole assignment of error appellant argues that the trial court erred in denying his motion to dismiss the indictment. Appellant asserts that the twenty-eight month delay from the time of filing the indictment until serving it on appellant violated his right to a speedy trial guaranteed by the United States Constitution, the Ohio Constitution and R.C.2945.71. We disagree.
 {¶ 11} Initially, we note that a speedy trial claim involves a mixed question of law and fact. See State v. Kuhn (June 10, 1998), 4th Dist. No. 97 CA 2307; State v. Kimble (Nov. 5, 1997), Vinton App. No. 96CA507; State v. Boso (Sept. 11, 1996), Washington App. No. 95CA10; State v. Howard (Mar. 4, 1994), Scioto App. No. 93CA2136. See, also, U.S. v. Smith (C.A.6, 1996), 94 F.3d 204, 208; U.S. v. Clark (C.A.11, 1996),83 F.3d 1350, 1352. As an appellate court, we must accept as true any facts found by the trial court and supported by competent credible evidence. With regard to the legal issues, however, we apply a de novo standard of review and thus freely review the trial court's application of the law to the facts. Kimble; Boso;Howard.
 {¶ 12} When reviewing the legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the state. In Brecksville v. Cook (1996),75 Ohio St.3d 53, 57, 661 N.E.2d 706, 709, the court referred to its prior admonition "to strictly construe speedy trial statutes against the state." See, also, State v. Martin (1996),113 Ohio App.3d 606, 608, 681 N.E.2d 970, 971. In State v. Cloud (Sept. 12, 1997), Greene App. No. 96CA99, unreported, the court additionally specified that "the duties which those statutes impose upon the state must be strictly enforced by the courts."
 {¶ 13} R.C. 2941.401 is a specific statute which prevails over the general speedy trial statutes, i.e., R.C. 2945.71 et seq. See, R.C. 2945.71(F). If a defendant is incarcerated, R.C.2941.401 governs the time within which the state must bring him or her to trial. State v. Fowler (Sept. 4, 1987), 5th Dist. No. 87AP010009; State v. Butcher (Dec. 12, 1985), Cuyahoga App. No. 49879, affirmed on other grounds (1986), 27 Ohio St.3d 28. Once the defendant substantially complies with R.C. 2941.401, the state must bring him or her to trial within one hundred eighty days. Id.; See, also, State v. Drowell (1991),61 Ohio Misc.2d 623; State v. Doane (July 9, 1992), Cuyahoga App. No. 60097. An accused in appellant's situation (serving a jail sentence on an unrelated crime) must follow the clear `specifics' of R.C.2941.401. State v. Fowler, supra.
 {¶ 14} R.C. 2941.401 states in relevant part: "When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.
 {¶ 15} "The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.
 {¶ 16} "The warden or superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof."
 {¶ 17} R.C. 2941.401 does not impose a duty upon the State to attempt to locate a defendant in a State penal institutional. InState v. Hairston (2004), 101 Ohio St.3d 308, 2004-Ohio-969,804 N.E.2d 471, the Ohio Supreme court reviewed R.C. 2941.401 and found "[f]ar from requiring the state to exercise reasonable diligence to locate an incarcerated defendant, R.C. 2941.401
places the initial duty on the defendant to cause written notice to be delivered to the prosecuting attorney and the appropriate court advising of the place of his imprisonment and requesting final disposition; the statute imposes no duty on the state until such time as the incarcerated defendant provides the statutory notice. Further, a warden or prison superintendent has a duty to inform the incarcerated defendant of charges only when the warden or superintendent has knowledge of such charges." Id. at 310,2004-Ohio-969 at ¶ 20, 804 N.E.2d at 474. The court in Hairston
concluded "[i]In its plainest language, R.C. 2941.401 grants an incarcerated defendant a chance to have all pending charges resolved in a timely manner, thereby preventing the state from delaying prosecution until after the defendant has been released from his prison term. It does not, however, allow a defendant to avoid prosecution simply because the state failed to locate him". Id. at 311, 2004-Ohio-969 at ¶ 25, 804 N.E.2d at 475.
 {¶ 18} Similar to the appellant in Hairston, supra, in the case at bar appellant knew that he had been arrested in Richland County on a felony charge, knew that he had appeared in court and waived his preliminary hearing; appellant was aware that he had been given a court appointed attorney and a date to appear back in the Richland County Court for arraignment. Appellant was released on bond by the Richland County Court. The record does not show that appellant ever notified the authorities in Franklin County at the time of his arrest that he was scheduled to appear in court in Richland County. Nor does it appear that appellant ever contacted either the Richland Court or his court appointed attorney to inform them of appellant's arrest in Franklin County and his inability to return to court in Richland County for the scheduled arraignment date. Further, the facts reveal that the warden had no knowledge of any of the charges pending against him.
 {¶ 19} Appellant never caused the requisite notice of imprisonment and request for final disposition to be delivered to either the prosecuting attorney or the court; therefore, he never triggered the process to cause him to be brought to trial within 180 days of his notice and request. Thus, because appellant failed to provide the requisite notice, the speedy trial time for the pending offenses was tolled while he was in prison.Hairston, supra; Fowler, supra. See, also State v. Bauer
(1980), 61 Ohio St.2d 83, 399 N.E.2d 555(Supreme Court held that a defendant who fails to appear at scheduled trial and whose trial must therefore be rescheduled for a later date waives his right to assert statutory speedy trial rights for that period of time which elapses from his initial arrest to the date of subsequent rearrest).
 {¶ 20} Nor would we find that appellant's Sixth Amendment right or the right pursuant to Article I, Section 10 of the Ohio Constitution to a speedy trial were violated. When making the determination whether appellant has been denied his right to a speedy trial as guaranteed by the Constitution, we consider four factors: (1) length of delay, (2) reason for the delay, (3) the accused's assertion of the right, and (4) prejudice to the accused. Barker v. Wingo (1972), 407 U.S. 514, 530,92 S.Ct. 2182, 33 L.Ed.2d 101. These factors are balanced in a totality of the circumstances setting with no one factor controlling. Id.
The twenty-eight month delay between the filing and serving of the indictment on Appellant is presumptively prejudicial. SeeDoggett v. United States (1992), 505 U.S. 647, 652,112 S.Ct. 2686, 120 L.Ed.2d 520. In Doggett, the U.S. Supreme Court explained that a finding that the delay is presumptively prejudicial merely triggers the Barker balancing test. Id.
 {¶ 21} The second Barker factor considers the reasons given for the delay. The record reflects that the reason for delay is solely attributable to the appellant. As previously mentioned, appellant was aware of his Richland County arraignment date at the time he was arrested in Franklin County on unrelated charges. The appellant was aware of the outstanding felony criminal charge against him while he was incarcerated and failed to give the requisite notice. Appellant did not contact his attorney or the court in Richland County after his incarceration for the Franklin County felony.
 {¶ 22} The fourth Barker factor is the prejudice to the defendant due to the delay. Contrary to his assertions, appellant has not established any prejudice from the delay. The State's witnesses consist of law enforcement officers. A videotape was made by the officers of the events leading to appellant's arrest.
 {¶ 23} As the Ohio Supreme Court noted "the proper focus of a court in circumstances such as these is upon the underlying source of the delay." Hairston, supra at 84, 399 N.E.2d 555. (Citation omitted). The Supreme Court continued:
 {¶ 24} "In the instant cause, there is no evidence whatsoever from which it can be concluded that the rescheduling of [the defendant's] trial date to September 26, 1977, emanated from anything other than his own conduct. It is clear that [the defendant] was afforded his statutory right to a speedy trial initially, but through his own design he chose to shun this right and impede the prompt administration of this cause. [The defendant] will not be permitted to enjoy the protection of these statutes, as to a time period prior to his failure to appear, when by his actions he waived their benefits". Id. (Citations omitted).
 {¶ 25} Delay in bringing this appellant to trial was caused by both the "neglect" and "improper act of the accused," which tolls time for speedy trial. In discussing the constitutional provisions of the right to a speedy trial, the court in Partschv. Haskins (1963) 175 Ohio St. 139, 140, stated, "[t]he purpose of Section 10, Article I is to provide a trial for an accused without undue delay with its attendant anxieties and the possibility that the defense might be prejudiced by the lapse of time. However, it was not intended as a shield to the guilty, the protection of which might be invoked by sitting silently back and allowing the prosecution to believe that the accused is acquiescing in the delay. It is a right which must be claimed or it will be held to have been waived." Id. at 140.
 {¶ 26} Upon balancing the factors, we cannot say that the Appellant's right to a speedy trial was violated.
 {¶ 27} Appellant's sole assignment of error is overruled.
 {¶ 28} For the foregoing reasons, the judgment of the Richland County Court of Common Pleas, Ohio, is affirmed.
Gwin, P.J., Wise, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Richland County Court of Common Pleas, Ohio, is affirmed. Costs to appellant.