OPINION
{¶ 1} Appellant Napoleon Battle ("appellant") appeals the decision of the Fairfield County Court of Common Pleas that denied his motion to dismiss the indictment against him based upon a denial of his right to a speedy trial. The following facts give rise to this appeal.
 {¶ 2} On May 12 and 17, 2003, several forgeries were committed in Fairfield County. Appellant was suspected in these crimes. On June 5, 2003, Detective Curtis Guisinger checked the internet cite for the Ohio Department of Rehabilitation and Corrections searching for information regarding appellant. On that date, appellant was not listed as a prisoner in an Ohio prison. Detective Guisinger also attempted to locate appellant through LEADS, Google and other counties' court sites. Approximately fifteen days following the computer check by Detective Guisinger, appellant entered the Ohio prison system.
 {¶ 3} Following further investigation, a complaint alleging several felonies was filed against appellant in the Fairfield County Municipal Court. A warrant was entered into the LEADS system in December 2003. Thereafter, a warden at the Pickaway Correctional Institution notified appellant of the pending Fairfield County charges on November 12, 2004.
 {¶ 4} On June 16, 2005, appellant was served with a copy of the complaint in this case and signed an acknowledgment of rights. On June 24, 2005, the Fairfield County Grand Jury indicted appellant on three counts of forgery and two counts of theft. On December 4, 2005, appellant was released from prison; however, he was transported to the Franklin County Jail due to pending charges in that county.
 {¶ 5} Thereafter, appellant filed a motion to dismiss based upon speedy trial grounds. The trial court conducted a hearing on appellant's motion on September 22, 2005. The trial court filed a judgment entry on September 30, 2005, denying appellant's motion to dismiss. Thereafter, on October 25, 2005, appellant entered no contest pleas to the three counts of forgery and the trial court dismissed the two counts of theft. The trial court sentenced appellant to an eighteen-month prison sentence.
 {¶ 6} Appellant timely filed his notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 7} "THE TRIAL COURT ERRED BY FAILING TO GRANT THE DEFENDANT'S MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATIONS."
 I {¶ 8} In his sole assignment of error, appellant maintains the trial court erred when it failed to grant his motion to dismiss based upon a violation of his right to a speedy trial. We disagree.
 {¶ 9} "Initially, we note that a speedy trial claim involves a mixed question of law and fact. * * * As an appellate court, we must accept as true any facts found by the trial court and supported by competent credible evidence. With regard to the legal issues, however, we apply a de novo standard of review and thus freely review the trial court's application of the law to the facts. * * *" State v. Larkin, Richland App. No. 2004-CA-103, 2005-Ohio-3122, at ¶ 11.
 {¶ 10} In support of this assignment of error, appellant argues that both his statutory rights and due process rights have been violated because he did not receive notice of the pending charges against him until he was served with a copy of the indictment in June 2005, despite the fact that he had been incarcerated since June 9, 2003. Specifically, appellant cites R.C. 2941.401,[1] which provides, in pertinent part:
 {¶ 11} "When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.
 {¶ 12} "The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.
 {¶ 13} "The warden or superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof."
 {¶ 14} "When reviewing the legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the state." Id. at ¶ 12. The statute appellant cites above is a specific statute which prevails over the general speedy trial statutes. Id. at ¶ 13. "If a defendant is incarcerated, R.C. 2941.401 governs the time within which the state must bring him or her to trial. * * * Once the defendant substantially complies with R.C. 2941.401, the state must bring him or her to trial within one hundred eighty days. * * *" Id.
 {¶ 15} "R.C. 2941.401 does not impose a duty upon the State to attempt to locate a defendant in a State penal institutional (sic). In State v. Hairston, 101 Ohio St.3d 308, 2004-Ohio-969, the Ohio Supreme Court reviewed R.C. 2941.401 and held:
 {¶ 16} "Far from requiring the state to exercise reasonable diligence to locate an incarcerated defendant, R.C. 2941.401
places the initial duty on the defendant to cause written notice to be delivered to the prosecuting attorney and the appropriate court advising of the place of his imprisonment and requesting final disposition; the statute imposes no duty on the state until such time as the incarcerated defendant provides the statutory notice. Further, a warden or prison superintendent has a duty to inform the incarcerated defendant of charges only when the warden or superintendent has knowledge of such charges." Id. at ¶ 20.
 {¶ 17} The Court in Hairston concluded that, "[i]n its plainest language, R.C. 2941.401 grants an incarcerated defendant a chance to have all pending charges resolved in a timely manner, thereby preventing the state from delaying prosecution until after the defendant has been released from his prison term. It does not however, allow a defendant to avoid prosecution simply because the state failed to locate him." Id. at ¶ 25.
 {¶ 18} Appellant maintains there is a significant distinction between the case sub judice and the Hairston decision because the defendant in Hairston had been arrested and was aware that he had been charged by information. However, appellant claims he was not aware of the pending charges against him until he was served with a copy of the indictment. Appellant concludes it would be inequitable to expect him to bear the burden of requesting the initiation of charges for which he was not aware. Although appellant argues this burden is inequitable, the Ohio Supreme Court disagreed, in the Hairston decision, and clearly placed the burden upon the defendant.
 {¶ 19} Thus, pursuant to R.C. 2941.401, appellant had the initial burden to notify the state and request final disposition of the charges against him. The warden notified appellant of the pending charges in November 2004. Appellant was released from Pickaway Correctional Institution in December 2005 and transported to the Franklin County Jail. At no time during his incarceration at the Pickaway Correctional Institution, even after the warden notified him of the pending charges, did appellant contact the state and request final disposition of the charges against him. We find the time during which appellant was incarcerated at the Pickaway Correctional Institution should not be counted against the state for speedy trial purposes as appellant failed to follow the mandates of R.C. 2941.401. Accordingly, the speedy trial time for the pending offenses was tolled while appellant was in prison.
 {¶ 20} Appellant also argues his due process rights were violated due to the delay in notifying him of the pending charges in Fairfield County. Appellant essentially argues his Sixth Amendment right or the right to a speedy trial pursuant to Article I, Section 10 of the Ohio Constitution was violated.
 {¶ 21} When determining whether a defendant has been denied his or her right to a speedy trial as guaranteed by the Constitution, we consider the following four factors: (1) length of delay; (2) reason for the delay; (3) the accused's assertion of the right; and (4) prejudice to the accused. Barker v. Wingo
(1972), 407 U.S. 514, 530. These factors are balanced in a totality of the circumstances setting with no one factor controlling. Id.
 {¶ 22} However, the first factor, the length of the delay, is a "triggering mechanism," determining the necessity of inquiry into the other factors. Id. In Doggett v. United States (1992),505 U.S. 647, the United States Supreme Court held that an eight-and-one-half year delay between the accused's indictment and arrest violated his Sixth Amendment rights. The Court noted that a one-year delay is generally considered sufficient to trigger an inquiry into the other factors. Id. at 652.
 {¶ 23} In the case sub judice, the Fairfield County Grand Jury indicted appellant on June 24, 2005, and appellant entered his no contest pleas on October 25, 2005. An approximately four-month delay between the time of the indictment and when appellant entered his pleas of no contest is not enough to trigger inquiry into the remaining Barker factors. Accordingly, we conclude appellant was not denied his right to a speedy trial under either the United States or Ohio Constitutions. Further, as noted above, appellant was aware of the pending charges, in Fairfield County, as of November 12, 2004, when the warden notified him of these charges. However, appellant made no effort, as required by statute, to pursue his right to a speedy trial.
 {¶ 24} Appellant's sole assignment of error is overruled.
 {¶ 25} For the foregoing reasons, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.
Wise, P.J. Edwards, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed. Costs assessed to Appellant.
[1] In City of Newark v. Barcus (Sept. 9, 1994), Licking App. No. 94 CA 00015, we held that R.C. 2941.401 is only applicable to individuals held in a "state penal or correctional institution" as opposed to a "county jail." Id. at 2.