[Cite as *State v. Rucker*, 2013-Ohio-2493.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| EVERETT M. RUCKER | : | Case No. 12CA39 |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Richland County Court
of Common Pleas, Case No. 2011-CR-
0770 D


JUDGMENT:                        AFFIRMED


DATE OF JUDGMENT ENTRY:          June 13, 2013


APPEARANCES:

For Defendant-Appellant:                For Plaintiff-Appellee:

CHARLES M. BROWN                        JAMES J. MAYER
76 North Mulberry Street                RICHLAND CO. PROSECUTOR
Mansfield, OH 44902                     JILL M. COCHRAN
                                        38 South Park Street
                                        Mansfield, OH 44902

*Delaney, P.J.*

{¶1}   Appellant Everett M. Rucker appeals from the judgment entry of conviction and sentence of the Richland County Court of Common Pleas entered on April 24, 2012.  Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2}   This case arose on October 16, 2011 in Mansfield, Ohio when appellant was pulled over during a traffic stop and provided the name and social security number of Demetrius Rucker.  Appellant was subsequently arrested for O.V.I. and signed the name of Demetrius Rucker to the BMV 2255 form when advised of his rights and responsibilities in submitting to a breath test for alcohol.  That night, appellant was cited only for misdemeanor offenses.

{¶3}   On November 10, 2011, appellant was charged by indictment with one count of identity fraud pursuant to R.C. 2913.49(B)(1), a felony of the fifth degree; one count of forgery pursuant to R.C. 2913.31(A)(2), a felony of the fifth degree; and one count of tampering with records pursuant to R.C. 2913.42(A)(1), a felony of the third degree.  Appellant was arrested on these felony charges on January 12, 2012, while incarcerated on the pending misdemeanor violations.

{¶4}   Appellant entered an initial appearance on January 17, 2012 before a magistrate, was served with the indictment, and entered pleas of not guilty.  A notation in appellant's file [time-stamped January 17, 2012] notes appellant's bond is $5000 personal recognizance "+ EM."  The notation further states, "WAIVE THE $100.00 PR

FEE UNTIL 1/27/12 BUT MUST PAY FOR THE EM HE IS IN JAIL." Appellant did not post bond and remained incarcerated.

{¶5} Appellant was released on the misdemeanor charges on February 7, 2012, and remained incarcerated on the pending felonies.

{¶6} On April 18, 2012, appellant filed a Motion for Dismissal asserting appellee failed to bring him to trial within the period of time specified by law. In the motion, appellant states "* * * * [Appellant] was first arrested on January 12, 2012. [Appellant] has been in custody continuously since his arrest on January 12, 2012.* * * *" Appellee did not respond and the trial court did not rule on the motion.

{¶7} The case proceeded to jury trial on April 19 and 20, 2012. Before the trial commenced, the trial court asked defense trial counsel about the speedy trial motion and stated the issue would be preserved but the trial would go forward. At the close of appellee's evidence, the trial court inquired whether appellant would present any evidence and the following conversation took place:

> * * * *.

> [DEFENSE TRIAL COUNSEL:] First of all, I would like a ruling on that time motion that I filed earlier or yesterday, Judge.

> [TRIAL COURT:] I haven't had a chance to look at it in depth, but [the magistrate] did research it, and [appellant] was held up until February 7th, I believe it was, on multiple charges, both municipal court and the charge here. The municipal court charges he was dismissed on those charges or sent a release over on February 7th (*sic*). I'm not sure I have that date exactly right.

[DEFENSE TRIAL COUNSEL:]  I think that is the correct date.

[TRIAL COURT:]  So I am overruling the motion because he was held on multiple charges up until February 7th.  So it would run one-to-one up until then.  If that's the case, I think we're only eight days shy of having ninety days anyway.  I mean, we are clearly within the 270 days of trial date.

[DEFENSE TRIAL COUNSEL:]  Can I have a moment to talk with my client to see if he wants to testify?

* * * *.

{¶8}  Appellant thereupon testified in his own defense, was found guilty as charged, and was sentenced to an aggregate prison term of 15 months.

{¶9}  Appellant now appeals from the judgment entry of conviction and sentence.

## ASSIGNMENTS OF ERROR

{¶10} Appellant raises three Assignments of Error:

{¶11}  "I.  THE TRIAL COURT ERRED AND COMMITTED PLAIN ERROR IN DENYING THE MOTION TO DISMISS FOR VIOLATION OF SPEEDY TRIAL RIGHTS GRANTED BY OHIO REVISED CODE §2945.71 AND FURTHER BY NOT MAKING ESSENTIAL FINDINGS OF FACT IN SUPPORT OF ITS DENIAL OF THE MOTION TO DISCHARGE."

{¶12}  "II.  THE TRIAL COURT ERRED AND COMMITTED PLAIN ERROR IN DENYING THE MOTION TO DISMISS FOR VIOLATION OF SPEEDY TRIAL RIGHTS GRANTED BY OHIO REVISED CODE §2945.71 AND FURTHER BY NOT TAKING

ANY SWORN TESTIMONY REGARDING THE FACTS UPON WHICH THE DECISION WAS MADE."

{¶13} "III.  APPELLANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10, OF THE OHIO CONSTITUTION, AS WELL AS THE DUE PROCESS PROTECTION UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND IN ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION."

**ANALYSIS**

I., II.

{¶14} Appellant's first and second assignments of error are related and shall be considered together.  Appellant summarily asserts the trial court erred in overruling his motion to dismiss on speedy trial grounds, and further argues the trial court was required to make findings of fact and take sworn testimony in consideration thereof. We disagree.

{¶15} Speedy trial provisions are mandatory and are encompassed within the Sixth Amendment to the United States Constitution. The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the states through the Fourteenth Amendment. *State v. Ladd*, 56 Ohio St.2d 197, 383 N.E.2d 579 (1978); *State v. Pachay*, 64 Ohio St.2d 218, 416 N.E.2d 589 (1980).

{¶16} Our review of the trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. *State v. Larkin*, 5th Dist. No. 2004-CA-103, 2005-Ohio-3122, ¶ 11. Due

deference must be given to the trial court's findings of fact if supported by competent, credible evidence. Id. However, we must independently review whether the trial court properly applied the law to the facts of the case. Id. Furthermore, when reviewing the legal issues presented in a speedy trial claim, an appellate court must strictly construe the relevant statutes against the state. *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 1996-Ohio-171, 661 N.E.2d 706.

{¶17} A person charged with a felony must be brought to trial within 270 days unless they waived that right to a speedy trial. If a person is held in jail in lieu of bond, then each day that the suspect is in custody counts as three days. R.C. 2945.71(E). This "triple count" provision is applied only when the defendant is being held in jail solely on the pending charge. *State v. MacDonald*, 48 Ohio St.2d 66, 357 N.E.2d 40 (1976), paragraph one of the syllabus. The triple count provision does not apply when a defendant is being held in custody pursuant to other charges. *MacDonald*, supra. Pursuant to R.C. 2945.73, a person who is not brought to trial within the proscribed time periods found in R.C. 2945.71 and R.C. 2945.72 "shall be discharged" and further criminal proceedings based on the same conduct are barred.

{¶18} "When reviewing a speedy-trial issue, an appellate court must calculate the number of days chargeable to either party and determine whether the appellant was properly brought to trial within the time limits set forth in R.C. 2945.71." *State v. Riley*, 162 Ohio App.3d 730, 2005–Ohio–4337, 834 N.E.2d 887, ¶ 19 (12th Dist.).

{¶19} Appellant's argument before us is different than his argument before the trial court. His motion before the trial court argued time began running from the date of arrest on the felony charges, or January 12, 2012. Before us, he argues time

began running from the date of his arraignment on November 29, 2011 (*sic*). The record before us indicates appellant was arrested on the felonies on January 12, 2012, and arraigned, or entered an initial appearance, on January 17, 2012.

{¶20} Appellant's argument is summary; however, certain conclusions may be drawn from the record before us, which indicates appellant was brought before the court for trial on April 19, 2012, or 98 days after arrest. Appellant was also being held on misdemeanors, however, until his release upon the misdemeanors on February 7, 2012. We infer from appellant's argument, although he does not explicitly say so, that he asserts he is entitled to a triple count from the date of his arrest on the felonies. We disagree. As the trial court found, appellant was being held on multiple charges until February 7. R.C. 2945.71(E) explains that each day a defendant is held in jail in lieu of bail shall be counted as three; however, this provision applies only when a defendant is held solely on the pending charges in a case. *State v. Kaiser*, 56 Ohio St.2d 29, 381 N.E.2d 633 (1978), paragraph two of the syllabus.

{¶21} We calculate the time chargeable to appellee, therefore, as follows: from January 12 until February 7: 27 days; from February 8 until April 19, 2012: 72 days. The latter are counted against appellee as 216 days by means of the triple-count provision. Appellant was held, therefore, for a total of 243 days, which is not in violation of his right to a speedy trial. R.C. 2945.71(C)(2).

{¶22} Appellant further argues the trial court should have held an evidentiary hearing on the motion to dismiss, but we disagree. As appellee has pointed out, there is no statute, Rule of Criminal Procedure or case law which requires a trial court to conduct an evidentiary hearing on a motion to dismiss for want of speedy trial, and a

number of courts have found that the trial court need not hold an evidentiary hearing on a speedy trial motion if the court is able to determine the issue from the record. *State v. Freeman*, 8th Dist. No. 85137, 2005-Ohio-3480, ¶ 62, reversed on other grounds in *In re Ohio Criminal Sentencing Statutes* Cases, 109 Ohio St.3d 313, 2006-Ohio-2109, 847 N.E.2d 1174, citing *Whitehall v. Rovnak*, 10th Dist. No. 92AP-919, 1992 WL 385944 (Dec. 24, 1990); *State v. Wilson*, 5th Dist. No. 323, 1981 WL 6089 (Jan. 22, 1981).

{¶23} Appellant's first and second assignments of error are overruled.

III.

{¶24} In his third assignment of error, appellant argues he received ineffective assistance of counsel because counsel did not somehow "make certain the essential findings of fact are set forth in a judgment entry." We disagree.

{¶25} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See*, *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158 (1955). "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question

is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶26} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

{¶27} In light of our rulings upon appellant's first and second assignments of error, we are unable to find that counsel acted incompetently.  We note that counsel filed the motion to dismiss and requested a ruling from the trial court.  Having found the motion was properly overruled, we decline to find counsel was ineffective.

{¶28} Appellant's third assignment of error is overruled.

**CONCLUSION**

{¶29} Having overruled appellant's three assignments of error, the judgment of the Richland County Court of Common Pleas is affirmed.

By: Delaney, P.J.

Gwin, J. and

Wise, J. concur.


_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. JOHN W. WISE


PAD:kgb