[Cite as *State v. Johnson*, 2014-Ohio-189.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| TYRONE E. JOHNSON, SR. | : | Case No. 13-CA-33 |
| | : | |
| Defendant- Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
                              Pleas, Case No. 2011-CR-520



JUDGMENT:                     Affirmed



DATE OF JUDGMENT:             January 17, 2014



APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOCELYN S. KELLY                          JAMES L. DYE
239 West Main Street                      P.O. Box 161
Suite 101                                 Pickerington, OH  43147
Lancaster, OH  43130

*Farmer, P.J.*

{¶1} On November 18, 2011, the Fairfield County Grand Jury indicted appellant, Tyrone E. Johnson, Sr., on one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32, one count of complicity to commit robbery in violation of R.C. 2923.03 and 2911.02, and two counts of complicity to commit theft in violation of R.C. 2923.03 and 2913.02. At the time of the indictment, appellant was incarcerated in Franklin County awaiting trial on other charges.

{¶2} On June 18, 2012, appellant filed a motion for final disposition and speedy trial on any untried indictments pursuant to R.C. 2941.401. On June 29, 2012, appellant filed a request for discovery and a bill of particulars. On the same date, appellant filed his reciprocal discovery response. The state provided initial discovery on July 19, 2012 and final discovery on July 24, 2012.

{¶3} On January 10, 2013, appellant filed a motion to dismiss, claiming violations of his speedy trial rights. By entry filed February 6, 2013, the trial court denied the motion, finding discovery issues tolled a number of days and nineteen days remained in which to try appellant.

{¶4} On March 27, 2013, appellant pled no contest. By judgment entry filed April 2, 2013, the trial court found appellant guilty and sentenced him to an aggregate term of six years in prison.

{¶5} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶6}   "THE TRIAL COURT ERRED AND THEREBY DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH, FOURTEENTH AND SIXTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION BY DENYING APPELLANT'S MOTION TO DISMISS."

I

{¶7}   Appellant claims the trial court erred in denying his motion to dismiss for speedy trial violations within the guidelines of R.C. 2941.401.  Appellant claims the trial court erred in tolling twenty-five days for his "non-compliance" with the state's request for reciprocal discovery.  We disagree.

{¶8}   A speedy trial claim involves a mixed question of law and fact.  *State v. Larkin,* 5th Dist. Richland No. 2004-CA-103, 2005-Ohio-3122.  "As an appellate court, we must accept as true any facts found by the trial court and supported by competent, credible evidence.  With regard to the legal issues, however, we apply a *de novo* standard of review and thus freely review the trial court's application of the law to the facts.  *Id.*"  *State v. Colon,* 5th Dist. Stark No. 0-CA-232, 2010-Ohio-2326, ¶ 11.  We note a trial court's decision to toll speedy trial time based on discovery issues is subject to review under an abuse of discretion standard.  *State v. Palmer,* 112 Ohio St.3d 457, 2007-Ohio-374; *State v. Parson,* 6 Ohio St.3d 442 (1983).  In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶9}   R.C. 2941.401 governs request by a prisoner for trial on pending charges and states the following:

When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.

***

If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has

jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice.

{¶10} The one hundred eighty day time limit may be tolled under certain circumstances. R.C. 2945.72 states the following in pertinent part:

The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused[.]

{¶11} In *State v. Brown,* 98 Ohio St.3d 121, 2002-Ohio-7040, syllabus, the Supreme Court of Ohio held an accused's "demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E)."

{¶12} The dates are not in dispute. Appellant filed his motion for final disposition on June 18, 2012. As set forth in appellant's brief at 4, one hundred eighty days from the filing, excluding the date of filing, would have been December 17, 2012. The time between appellant's discovery request (June 29, 2012) and the state's initial compliance (July 19, 2012) was properly tolled, extending the time for trial by twenty days to January 6, 2013. Appellant's Brief at 4-5. Appellant filed his motion to dismiss for speedy trial violations on January 10, 2013. In its entry denying the motion filed

February 6, 2013, the trial court tolled the time from appellant's request for discovery on June 29, 2012 to the state's final compliance on July 24, 2012, thereby adding five days, and added twenty-five days for appellant's non-compliance with reciprocal discovery (we note those additional five days overlap into the additional twenty-five days):

The Court finds that the following tolling events exist pursuant to O.R.C. 2945.72, which extend the period of time within which the Defendant must be brought to trial:

1) June 18, 2012, date of filing of request for final disposition.

2) From June 29, 2012, the date of filing of Defendant's Motion for Discovery and Defendant's Request for Evidence, to July 24, 2012, the date of the State's final response to Defendant's discovery requests, in particular, Defendant's "Request for Evidence."

3) From January 10, 2013 until the date the Court rules on the pending Motion to Dismiss, to wit, the date of filing of this Entry, February 6, 2013.

4) Within the State's response to the Defendant's request for discovery on July 19, 2012, the State made a demand for reciprocal discovery from the Defendant. In particular, the State responded to the Defendant's request for discovery (filed June 29, 2012) on July 19, 2012, and to the Defendant's "Request for Evidence" (filed June 29, 2012) on July 24, 2012. Therefore, time is tolled for discovery purposes until July 24, 2012, which the Court finds to be a reasonable delay.

The Court notes that on June 29, 2012, the Defendant preemptively filed, that is, before receiving the State's discovery, "Defendant's Reciprocal Discovery" (Exhibit A). The Court, however, does not recognize this discovery response as having been prepared with due diligence as required by Rule 16 (A), Ohio Rules of Criminal Procedure. Therefore, the Court finds that the Defendant did not provide reciprocal discovery to the State, and as a consequence, speedy trial time is tolled as set forth more fully herein.

{¶13} The trial court went on to state the following on the issue of reciprocal discovery:

The Court finds the Defendant's purported reciprocal discovery, provided the same day and time the Defendant filed for discovery from the State and without having received the State's discovery does not meet the standard of due diligence. The Court finds that the State could not reasonably rely on the Defendant's June 29, 2012 reciprocal discovery response when the Defendant did not have any information whatsoever as to the extensive list of witnesses the State intended to call, extensive police reports and an expert's report (*see* State's response to discovery, Exhibit B). Further, it stands to reason that if the State was satisfied with the Defendant's June 29, 2012 reciprocal discovery response, it would not have made a request as it did, on July 19, 2012 for reciprocal discovery.

The record indicates the Defendant has not filed a response to the State's request for discovery other than the initial reciprocal discovery request on June 29, 2012.

*** 

The Court recognizes that twenty-five (25) days passed from the time the Defendant filed his request for discovery on June 29, 2012, to the date the State last responded to it, on July 24, 2012. Twenty-five (25) days is, in the Court's judgment a reasonable period of time within which to respond to a discovery request. The Court will apply the same measure to the Defendant's response to the State's request for reciprocal discovery. The Court finds that a reasonable period within which the Defendant should have responded to the State's reciprocal discovery demand (filed June 29, 2012) is twenty-five (25) days.

The Court finds therefore that the calculation of time for compliance with the time limits of O.R.C. 2941.401 is also tolled for twenty-five (25) days from July 19, 2012 through August 13, 2012.

In conclusion, the Court finds that trial with regard to this matter must commence within 19 days of February 6, 2013, as 161 of the allowable 180 days provided for by Ohio Revised Code Section 2941.410 (sic) have expired.

{¶14} The gravamen of this case is whether it was correct to toll twenty-five days for non-compliance with reciprocal discovery. We answer this question in the affirmative.

{¶15} Crim.R. 16 governs discovery and inspection. Subsections (A) and (H) state the following:

**(A) Purpose, Scope and Reciprocity.** This rule is to provide all parties in a criminal case with the information necessary for a full and fair adjudication of the facts, to protect the integrity of the justice system and the rights of defendants, and to protect the well-being of witnesses, victims, and society at large. All duties and remedies are subject to a standard of due diligence, apply to the defense and the prosecution equally, and are intended to be reciprocal. Once discovery is initiated by demand of the defendant, all parties have a continuing duty to supplement their disclosures.

**(H) Discovery: Right to Copy or Photograph.** If the defendant serves a written demand for discovery or any other pleading seeking disclosure of evidence on the prosecuting attorney, a reciprocal duty of disclosure by the defendant arises without further demand by the state. The defendant shall provide copies or photographs, or permit the prosecuting attorney to copy or photograph, the following items related to the particular case indictment, information or complaint, and which are material to the innocence or alibi of the defendant, or are intended for use

by the defense as evidence at the trial, or were obtained from or belong to the victim, within the possession of, or reasonably available to the defendant, except as provided in division (J) of this rule:

(1) All laboratory or hospital reports, books, papers, documents, photographs, tangible objects, buildings or places;

(2) Results of physical or mental examinations, experiments or scientific tests;

(3) Any evidence that tends to negate the guilt of the defendant, or is material to punishment, or tends to support an alibi. However, nothing in this rule shall be construed to require the defendant to disclose information that would tend to incriminate that defendant;

(4) All investigative reports, except as provided in division (J) of this rule;

(5) Any written or recorded statement by a witness in the defendant's case-in-chief, or any witness that it reasonably anticipates calling as a witness in surrebuttal.

{¶16} The amendment of Crim.R. 16 on July 1, 2010 was a basic shift from previous practice and placed an affirmative duty on a defendant to provide evidence he/she intended to use to support his/her defense. The staff notes to the rule explain the following:

The purpose of the revisions to Criminal Rule 16 is to provide for a just determination of criminal proceedings and to secure the fair, impartial, and speedy administration of justice through the expanded scope of materials to be exchanged between the parties. Nothing in this rule shall inhibit the parties from exchanging greater discovery beyond the scope of this rule. The rule accelerates the timing of the exchange of materials, and expands the reciprocal duties in the exchange of materials. The limitations on disclosure permitted under this rule are believed to apply to the minority of criminal cases.

The new rule balances a defendant's constitutional rights with the community's compelling interest in a thorough, effective, and just prosecution of criminal acts.

The Ohio criminal defense bar, by and through the Ohio Association of Criminal Defense Lawyers and prosecutors, by and through the Ohio Prosecuting Attorneys Association, jointly drafted the rule and submitted committee notes to the Commission on the Rules of Practice and Procedure. The Commission on the Rules of Practice and Procedure discussed, modified, and adopted the notes submitted in developing these staff notes.

{¶17} Appellant filed his request for discovery on June 29, 2012. On the same date, prior to the state responding to the request, appellant filed his reciprocal discovery response, stating "Defendant reserves the right to call any and all witnesses as listed on the State of Ohio's Response to Defendant's Request for Discovery." On July 19, 2012,

the state complied with appellant's discovery request in writing and requested reciprocal discovery. See, Exhibit B, attached to February 6, 2013 Entry Re: Defendant's Motion to Dismiss.

{¶18} Appellant's blind reciprocal discovery response filed prior to the state providing discovery placed the state in the untenable position of not knowing what appellant intended to produce under Crim.R. 16(H). We agree with the trial court's analysis that appellant's reciprocal discovery was not made with due diligence as required under Crim.R. 16(A). We find the trial court tolling twenty-five days for appellant's non-compliance with reciprocal discovery not to be unreasonable given the fact that appellant was incarcerated in Franklin County and was not present in the county of the trial court or defense counsel.

{¶19} Upon review, we find the trial court did not err in denying appellant's motion to dismiss.

{¶20} The sole assignment of error is denied.

{¶21}  The judgment of the Court of Appeals of Fairfield County, Ohio is hereby affirmed.

By Farmer, P.J.

Wise, J. and

Baldwin, J. concur.

SGF/sg 121