[Cite as *State v. Patterson*, 2018-Ohio-4672.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                           Court of Appeals Nos. WD-17-045
                                                                                    WD-17-046
      Appellee

                                   Trial Court Nos. 2016CR0461
v.                                                                                  2016CR0460

William Patterson                                      **DECISION AND JUDGMENT**

      Appellant                              Decided:  November 20, 2018

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

W. Alex Smith, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} In this consolidated appeal, appellant, William Patterson, challenges a judgment of the Wood County Court of Common Pleas, in which the court sentenced him, following his entering of a guilty plea, to a five-year community control sanction for

failing to appear as required by recognizance in violation of R.C. 2937.99(A) and (B), a felony of the fourth degree. For the reasons that follow, we affirm.

## Assignments of Error

{¶ 2} Appellant sets forth the following assignments of error:

I. APPELLANT'S SIXTH AND FOURTEENTH AMENDMENT RIGHTS WERE VIOLATED WHEN HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

II. APPELLANT'S PLEA WAS NOT MADE KNOWINGLY AND VOLUNTARILY.

## Background

{¶ 3} Appellant was scheduled to be sentenced on September 13, 2016, after pleading guilty to negligent homicide and permitting drug abuse in other Wood County criminal cases. Appellant failed to appear for sentencing. Appellant was indicted and the trial court issued a warrant.

{¶ 4} On December 19, 2016, and while incarcerated for another case, appellant served and filed a notice for speedy disposition under R.C. 2941.401. The trial court held an arraignment hearing on April 28, 2017.

{¶ 5} At the hearing, appellant explained that he filed the notice for speedy disposition in an effort to resolve the failure to appear charge. He waived his right to speedy trial, which tolled the speedy trial clock, until June 2, 2017. Numerous continuances were granted and other procedural matters arose, and appellant eventually

2.

entered a guilty plea and was sentenced on August 25, 2017. The judgment was journalized August 30, 2017. Appellant timely appeals.

## Law and Analysis

{¶ 6} In his first assigned error, appellant asserts he was deprived of effective assistance of trial counsel. In his second, appellant asserts he was not properly advised regarding his plea. In response, appellee contends there was no issue with respect to appellant's speedy trial rights, and thus appellant's trial counsel committed no error when advising appellant about his plea. We will address both assigned errors together.

{¶ 7} In evaluating ineffective assistance of counsel claims, the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." *State v. Hester*, 45 Ohio St.2d 71, 341 N.E.2d 304 (1976), paragraph four of the syllabus; *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A court must determine "whether there has been a substantial violation of any of defense counsel's essential duties to his client" and "whether the defense was prejudiced by counsel's ineffectiveness." *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999).

{¶ 8} In this case, appellant specifically argues that his trial counsel was ineffective because counsel failed to act on an alleged violation of his statutory speedy trial rights, and counsel could not have properly advised him to knowingly accept a guilty plea because the case should have been dismissed under R.C. 2941.401.

3.

**{¶ 9}** Both arguments assume appellant's speedy trial rights were violated. Nevertheless, we disagree and find no such error in the record.

**{¶ 10}** A speedy trial claim involves a mixed question of law and fact. *See State v. Larkin*, Richland App. No. 2004-CA-103, 2005-Ohio-3122, ¶ 11. An appellate court must accept as true any facts found by the trial court and supported by competent, credible evidence. *Id*. With regard to the legal issues, however, we apply a de novo standard of review and thus freely review the trial court's application of the law. *Id.*

**{¶ 11}** R.C. 2941.401, in pertinent part, provides:

> When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance. * * *

> If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has

jurisdiction thereof, the indictment, information, or complaint is void, and

the court shall enter an order dismissing the action with prejudice.

*See*, *e.g.*, *State v. McIntire*, 6th Dist. Huron No. H-10-004, 2011-Ohio-1544, ¶ 11-16.

{¶ 12} In this case, we find appellant properly notified the warden or superintendent having custody of him in accordance with R.C. 2941.401, on December 19, 2016. That would be the point in time when the 180-day period began to run.

{¶ 13} "[T]he right to a speedy trial may be waived as long as the waiver is knowingly and voluntarily made." *See*, *e.g.*, *State v. Melampy*, 12th Dist. Brown No. CA2007-04-008, 2008-Ohio-5838, ¶ 11. "[A]n accused's waiver of his or her constitutional and statutory right to a speedy trial must be expressed in writing or made in open court on the record." *Ohio v. King*, 70 Ohio St.3d 158, 161, 637 N.E.2d 903 (1994).

{¶ 14} Close review of the record here reveals that appellant waived his rights to speedy trial in open court on the record at the April 28, 2017 hearing.

{¶ 15} More specifically, the transcript of the hearing reveals the following exchange occurred between the prosecutor, trial court, appellant, and appellant's counsel.

> [Prosecutor]: Your Honor, pursuant to his pleading pursuant to 2941.401 and the time limitations contained therein, we're requesting a waiver of time based upon their request of a pretrial in June.
>
> (Attorney-client discussion held off the record).
>
> [The Court]: I need to address this with both Mr. Dech and also with the defendant in this particular case.

5.

Mr. Patterson, you filed your own request in this particular case. And at the direction or after consultation with your attorney in this particular matter that this matter be addressed in a more timely manner under 2941.041, you made that request. The Court has a requirement to do that within 180 days unless you were willing to waive that for a reasonable time to have the report addressed by the Court.

[Appellant]: Yes, Your Honor. My initial reason for doing that at the time was that I was delivered to the institution the very first week of December. And Wood County has made trips to the institution roughly every week, every Thursday since then. I was hoping that maybe sometime long before today that they were going to come and pick me up and bring me back for these charges. I had no idea that they were going to wait until this late. So that was the original reason why I filed that speedy disposition because that was what they instructed me to do at the institution to get the courts to come and get me.

[The Court]: So you would waive it to at least the next pretrial of June 2nd?

[Appellant]: Yes, Your Honor.

[The Court]: Mr. Dech?

[Appellant's Counsel]: Nothing further.

{¶ 16} Although appellant only waived the speedy trial issue until "the next pretrial of June 2nd[,]" that tolled the time for 35 days. As of April 28, 2017, only 130 days had passed, and the clock did not start back until June 2, 2017.

{¶ 17} Appellant asserts that from that point, the trial court was obligated to bring him to trial by July 28, 2017, and thus that he was not brought to trial in time.

{¶ 18} Appellee counters, recognizing that appellant's trial counsel spoke for appellant during the case and that counsel requested continuances and a withdrawal that tolled the time. Appellee calculates appellant was "tried after roughly 130 days."

{¶ 19} "[T]olling provisions of R.C. 2945.72 apply to the 180-day speedy trial time limit of R.C. 2941.401." (Citations omitted.) *State v. Colon*, 5th Dist. Stark No. 09-CA-232, 2010-Ohio-2326, ¶ 30; *State v. Roberts*, 6th Dist. Wood No. WD-04-028, 2004-Ohio-5509.

{¶ 20} R.C. 2945.72, in pertinent part, provides:

The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following: * * *

(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability; * * *

7.

(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;

(D) Any period of delay occasioned by the neglect or improper act of the accused;

(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

* * *

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion; * * *

*See Roberts* at ¶ 12.

**{¶ 21}** In this case, we calculate the speedy trial time period as less than 180 days, as follows:

- 12/19/16 (notice) – 4/28/17 (appellant's waiver) = 130 days elapsed.

- 6/2/17 (appellant unavailable) – 6/9/17 (continuance granted) = tolled due to appellant's unavailability.

- 6/9/17 (continuance) – 7/14/17 (appellant's Crim.R. 14 motion) = tolled due to continuance.

- 7/14/17 (motion) – 7/19/17 (order issued) = tolled due to motion.

8.

- 7/19/17 (order) – 7/21/17 (motion to withdraw as counsel) = 3 days elapsed.

- 7/21/17 (no counsel) – 7/24/17 (counsel appointed) = tolled due to appointing of counsel.

- 7/24/17 (counsel appointed) – 7/28/17 (pretrial conference) = 4 days elapsed.

- 7/28/17 (pretrial) – 8/14/2017 (plea hearing) = 17 days elapsed.

- 8/14/2017 (plea) – 8/25/2017 (sentencing) = 9 days elapsed.

**{¶ 22}** Based on these calculations, only 163 days elapsed. More specifically, the elapsed time would add up as such: 130 days + 3 days + 4 days + 17 days + 9 days = 163 days.

**{¶ 23}** Appellant thus cannot challenge his conviction based on a violation of his speedy trial rights. Furthermore, because appellant's speedy trial rights were not violated, we decline to address whether appellant's guilty plea waived those rights.[1]

---

[1] We note that some districts hold that "allowing 'a defendant to enter a guilty plea after speedy trial time has expired would amount to ineffective assistance of counsel, and thus, could affect the knowing and voluntary nature of the plea.'" *State v. Matland*, 7th Dist. Mahoning No. 09-MA-115, 2010-Ohio-6585, ¶ 17, quoting *State v. Haverly*, 7th Dist. Columbiana No. 09-CO-4, 2010-Ohio-1005, ¶ 10. *See also State v. Johnson*, 2d Dist. Greene No. 2013-CA-1, 2013-Ohio-4077, ¶ 5 ("Although there is support for the proposition that a guilty plea waives both statutory and constitutional speedy-trial claims, this court has recognized a potential exception when a speedy-trial claim is raised in the context of ineffective assistance of counsel."). *But see State v. Wyley*, 8th Dist. Cuyahoga No. 102889, 2016-Ohio-1118, ¶ 34, citing *State v. Johnson*, 8th Dist. Cuyahoga No. 61904, 1993 Ohio App. LEXIS 1263, 9 (Mar. 4, 1993) ("defense counsel's failure to assert the right to a speedy trial does not cause a defendant's plea to be less than knowing and voluntary.").

9.

**{¶ 24}** Accordingly, appellant's assigned errors are not well-taken.

## Conclusion

**{¶ 25}** The August 30, 2017 judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                                            JUDGE

Arlene Singer, J.          

                                                            _____
Christine E. Mayle, P.J.                                    JUDGE
CONCUR.

                                                            _____
                                                                            JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.