[Cite as *State v. Holland*, 2012-Ohio-486.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
|     Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | Case No. 2011 CA 00104 |
| MARYANN HOLLAND | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Canton Municipal
Court, Case No. 2011 TRC 00479


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    February 6, 2012


APPEARANCES:

For Plaintiff-Appellee            For Defendant-Appellant

JOSEPH MARTUCCIO            ERICA PRUITT VOORHEES
CANTON LAW DIRECTOR        ASSISTANT PUBLIC DEFENDER
TYRONE D. HAURITZ            200 West Tuscarawas Street
CANTON CITY PROSECUTOR     Suite 200
KATIE ERCHICK               Canton, Ohio  44702
ASSISTANT CITY PROSECUTOR
218 Cleveland Avenue SW
Post Office Box 24218
Canton, Ohio  44701-4218

*Wise, J.*

{¶1} Appellant Maryann Holland appeals her conviction for OVI and Failure to Obey a Traffic Control Device following a jury trial in the Canton Municipal Court.

{¶2} Appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

{¶3} On January 20, 2011, at approximately 12:04 a.m., Trooper Louive of the Ohio State Highway Patrol observed Appellant make an illegal left-hand turn onto the I-77 northbound ramp from Tuscarawas Street in Canton, Ohio. (T. at 89). Trooper Louive initiated a traffic stop and upon approaching Appellant's vehicle, he smelled an overwhelming odor of an alcoholic beverage. (T. at 90-91). Trooper Louive further observed that Appellant's eyes were red and glassy. (T. at 92). Appellant told Trooper Louive that she was coming from Mallonn's Bar and that she was on her way to pick up friends, to be their designated driver. (T. at 90). Appellant denied that she had been drinking. (T. at 115).

{¶4} Based on his observations and interactions with Appellant, Trooper Louive had Appellant exit her vehicle for further investigation. (T. at 91). Trooper Louive asked Appellant to perform three Standardized Field Sobriety tests. (T. at 92). Appellant performed poorly on all three tests. (T. at 94, 96-97). Based on Appellant's performance and Trooper Louive's observations, Trooper Louive place Appellant under arrest for OVI. (T. at 106). Trooper Louive read Appellant the BMV 2255, and Appellant refused to submit to a chemical test. (T. at 111). Appellant stated she wasn't taking any chemical test without her attorney present. (T. at 111). Appellant was previously convicted of OVI on February 4, 2009. (T. at 84).

{¶5} On January 20, 2011, Appellant was cited with one count of Driving While Under the Influence of Alcohol or Drugs (OVI), a misdemeanor of the first degree in violation of R.C. §4511.19(A)(1)(a); Driving While Under the Influence of Alcohol or Drugs, Refusal of Test, Prior Conviction, a misdemeanor of the first degree in violation of R.C.§ 4511.19(A)(2); and Failure to Obey a Traffic Control Device, a minor misdemeanor in violation of R.C. §4511.12.

{¶6} On April 28, 2011, a trial by jury was held in this matter. Appellant was found guilty on all counts, and Counts One and Two were consolidated for sentencing purposes.

{¶7} Appellant was sentenced to pay a $525 fine and court costs; to serve a term of one hundred and eighty days (180) in jail, with all but sixty (60) suspended; thirty (30) of the sixty (60) days were to be served in the Stark County Jail AOD Program and the remaining thirty (30) days were to be served on Electronically Monitored House Arrest; to have her operator's license suspended for a period of two (2) years; and to have six (6) points assessed to her operator's license.

{¶8} Defendant-Appellant filed a timely Notice of Appeal on May 2, 2011. Defendant-Appellant also filed a Motion to Stay execution of Sentence, which was granted by the trial court on May 3, 2011.

{¶9} Appellant assigns the following errors for review:

**ASSIGNMENTS OF ERROR**

{¶10} "I. THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION IN LIMINE REQUESTING THAT THE DEFENDANT-

APPELLANT'S PRIOR CONVICTION BE EXCLUDED OR THAT A SEPARATE HEARING BE HELD.

{¶11} "II. THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION IN LIMINE TO ASK QUESTIONS IN VOIR DIRE ABOUT PRIOR OVI CONVICTIONS.

{¶12} "III. THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION FOR MISTRIAL IN REGARD TO ALLOWING THE PLAINTIFF-APPELLEE TO ASK QUESTIONS DURING VOIR DIRE ABOUT DEFENDANT-APPELLANT'S REFUSAL TO SUBMIT TO CHEMICAL TESTING AND DENYING COUNSEL FOR DEFENDANT-APPELLANT THE OPPORTUNITY TO ASK QUESTIONS ON THE SAME SUBJECT.

{¶13} "IV. THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION FOR MISTRIAL AFTER THE STATE IMPROPERLY REFERRED TO DEFENDANT-APPELLANT'S RIGHT TO REMAIN SILENT."

**I.**

{¶14} In her first assignment of error, Appellant claims that the trial court erred in overruling her motion *in limine* as to admission of her prior conviction for OVI. We disagree.

{¶15} A motion *in limine* is a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of an evidentiary issue. *State v. Grubb* (1986), 28 Ohio St.3d 199, 200-201, 503 N.E.2d 142. The established rule in Ohio is the grant or denial of a motion *in limine* is not a ruling on the evidence. *Id.* The ruling is preliminary and thereby requires the parties to raise specific evidentiary

objections at trial in order to permit the trial court to consider the admissibility of the evidence in its actual context. *Id* "At trial it is incumbent upon a defendant, who has been temporarily restricted from introducing evidence by virtue of a motion in limine, to seek the introduction of the evidence by proffer or otherwise in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal." *Id.* at 203, 503 N.E.2d 142. Failure to proffer the evidence waives the right to appeal the granting of the motion. *Id.*

{¶16} The record herein reveals Appellant did, in fact, object at trial to the testimony she sought to have excluded in her motion in limine. As such, the matter is properly before this Court for review.

{¶17} The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. *State v. Sage* (1987), 31 Ohio St.3d 173, 510 N.E.2d 343. Therefore, we will not disturb a trial court's evidentiary ruling unless we find said ruling to be an abuse of discretion; i.e. unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.

{¶18} In this case, Appellant was charged with violations of both R.C. §4511.19(A)(1)(a) and §4511.19(A)(2).

{¶19} A prior conviction within 20 years is an element of R.C. §4511.19(A)(2). In *State v. Hoover*, 123 Ohio St.3d 418, 2009-Ohio-4993 , the Ohio Supreme Court stated:

{¶20} "It is crucial to note that the refusal to consent to testing is not, itself, a criminal offense. The activity prohibited under R.C. 4511.19(A)(2) is operating a motor vehicle while under the influence of drugs or alcohol. A person's refusal to take a

chemical test is simply an additional element that must be proven beyond a reasonable doubt along with the person's previous DUI conviction to distinguish the offense from a violation of R.C. 4511.19(A)(1)(a)."

**{¶21}** We therefore find the trial court did not err in allowing the State to put on evidence as to Appellant's prior conviction, as such was an element of the offense for which the State bears the burden of proof.

**{¶22}** Appellant's first assignment of error is overruled.

II.

**{¶23}** In Appellant's second assignment of error, she argues that the trial court erred in denying her motion *in limine* to ask questions in *voir dire* regarding prior convictions. We disagree.

**{¶24}** The trial judge has discretion over the scope, length, and manner of *voir dire*. See *State v. LaMar*, 95 Ohio St .3d 181, 2002-Ohio-2128, 767 N.E.2d 166; *State v. Getsy*, 84 Ohio St.3d 180, 190, 1998-Ohio-533, 702 N.E.2d 866. *State v. Webb*, 70 Ohio St.3d at 338, 638 N.E.2d at 1035,

**{¶25}** Accordingly, we will not find prejudicial error in a trial court's decision to conduct voir dire or how the voir dire is conducted unless Appellant can show "a clear abuse of discretion." *State v. Cornwell*, 86 Ohio St.3d 560, 565, 1999-Ohio-125, 715 N.E.2d 1144.

**{¶26}** Upon review, we find that Appellant has failed to show how Appellant was prejudiced in that Appellant's prior conviction was an element of the offense for which she was charged and the State still had the burden of proof at trial for this element.

**{¶27}** Appellant's second assignment of error is overruled.

III., IV.

{¶28} In Appellant's third and fourth assignments of error, she argues that the trial court erred in denying her motion for a mistrial. We disagree.

{¶29} Specifically, Appellant claims that a mistrial should have been granted because the trial court allowed the prosecution but not the defense to raise questions during *voir dire* concerning refusal to submit to a chemical test and because the prosecutor commented on Appellant's right to remain silent.

{¶30} "A mistrial should not be ordered in a criminal case merely because some error or irregularity has intervened * * *." *State v. Reynolds* (1988), 49 Ohio App.3d 27, 33, 550 N.E.2d 490, 497. The granting of a mistrial is necessary only when a fair trial is no longer possible. *State v. Franklin* (1991), 62 Ohio St.3d 118, 127, 580 N.E.2d 1, 9; *State v. Treesh* (2001), 90 Ohio St.3d 460, 480, 739 N.E.2d 749, 771. When reviewed by the appellate court, we should examine the climate and conduct of the entire trial, and reverse the trial court's decision as to whether to grant a mistrial only for a gross abuse of discretion. *State v. Draughn* (1992), 76 Ohio App.3d 664, 671, 602 N.E.2d 790, 793-794, citing *State v. Maurer* (1984), 15 Ohio St.3d 239, 473 N.E.2d 768, certiorari denied (1985), 472 U.S. 1012, 105 S.Ct. 2714, 86 L.Ed.2d 728; *State v. Gardner* (1998), 127 Ohio App.3d 538, 540-541, 713 N.E.2d 473, 475.

{¶31} A review of the *voir dire* reveals that the trial court refused to allow either the State or the defense to ask any further questions regarding refusal to take a breath test after the prosecutor elicited a response of "guilty" from a juror after asking what the jurors "would think of somebody who would refuse to take a breath test?" (T. at 40).

**{¶32}** Again, the trial judge has discretion over the scope, length, and manner of *voir dire*. See *LaMar,* supra. Here, after the initial question concerning the jurors' general impression about refusals, the trial court closed this line of questioning. The trial court did not allow either side to pursue this line of questioning.

**{¶33}** As such, we do not find the trial court erred in denying Appellant's motion for a mistrial based on the trial court's decision to not allow the defense to question the jury regarding refusals.

**{¶34}** Appellant also moved for a mistrial during the prosecutor's rebuttal to his closing argument wherein the prosecutor stated:

**{¶35}** "If any of you leave here, and it's been a long day, and you go to the Rite Aid and you're in the candy aisle and an employee comes up to you and says, "You just took candy. I just saw you. You put it in your right pocket." Are you going to say, "I need to talk to my attorney?" No. You're going to say, "Look. There isn't anything in my right pocket." She (Appellant) hasn't been drinking allegedly. Why does she need to talk to her attorney?" (T. at 152).

**{¶36}** Upon objection by Appellant's counsel, the trial court instructed the jury as follows:

**{¶37}** "Ladies and gentlemen, the court sustained an objection to an argument the prosecutor was making with regard to an analogy of being in a candy store and being confronted by an employee about possibly taking candy and then the prosecutor indicated words to the effect of the person should then come forward and show evidence that they did not take the candy. In a criminal case the defendant first of all, has the right to remain silent, would not - at no point has to offer evidence. So the

court's sustained the objection and asks that you strike any consideration of that analogy or the remarks from the record." (T. at 154-155).

**{¶38}** Assuming the prosecutor's comment was improper, the trial court promptly sustained Appellant's objection. Further, the trial court gave the jury a curative instruction telling them not to give any consideration to such remarks. Additionally, the jury was later instructed that comments made by the attorneys during closing arguments, are not evidence. The jury is presumed to have followed the court's instructions. *State v. Raglin* (1998), 83 Ohio St.3d 253, 264.

**{¶39}** Having reviewed the entire record, and given the trial court's actions and instructions to the jury, we do not find that Appellant was denied a fair trial based on the prosecutor's isolated comment. *State v. Drummond,* 111 Ohio St .3d 14, 2006-Ohio-5084.

**{¶40}** Further, we find that these statements were made in regard to the OVI charge brought pursuant to R.C. §4511.19(A)(1)(a). Had Appellant only been charged and convicted of R.C. 4511.19(A)(1)(a), we would find the prosecutor's comments herein to be more troublesome. However, since Appellant was also charged and convicted under R.C. 4511.19(A)(2), we find that Appellant has not suffered any prejudice as a result of such statements.

**{¶41}** Accordingly, the trial court did not abuse its discretion by refusing to grant a mistrial.

**{¶42}** Appellant's third and fourth assignments of error are overruled.

**{¶43}** For the foregoing reasons, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed.

By: Wise, J.

Edwards, J., concurs separately.

Hoffman, P. J., concurs in part and dissents in part.

_____

_____

_____

                                                     JUDGES

JWW/d 0109

*Hoffman, P.J., concurring in part and dissenting in part*

(¶44) I concur in the majority's analysis and disposition of Appellant's first and fourth assignments of error.[1]

(¶45) I concur in the majority's disposition of Appellant's second assignment of error. While Appellant's assignment of error references her motion in limine, the thrust of her argument is once having determined to deny her motion in limine, the trial court erred in denying her the opportunity to question prospective jurors concerning prior convictions during voir dire. Unlike the majority, I find to do so was error. However, I concur because I believe the error, viewed singularly, was harmless.

(¶46) I disagree with, and respectfully dissent from, the majority's conclusion the trial court did not err in closing questioning about refusals in voir dire. I find questioning jurors about their opinions regarding "refusals" is a proper subject of voir dire. Once the prosecutor elicited a response from a juror equating "guilty" with somebody who would refuse to take a breath test, I believe Appellant was prejudiced from being unable to elicit information from the then arguably "tainted" venire about whether they share a similar preconceived conviction.

(¶47) While I recognize it is difficult to demonstrate prejudice from errors occurring during voir dire, I find the synergistic effect of the trial court's errors limiting questions concerning the impact of a prior OVI conviction and the impact of a "refusal" sufficient to question the overall reliability of the verdict.

_____
HON. WILLIAM B. HOFFMAN

_____

[1] As to the fourth assignment of error, I do find the prosecutor's comment was improper.

EDWARDS, J., CONCURRING OPINION

{¶48}  I concur with Judge Wise as to the disposition and part of the analysis of this case.

{¶49}  I find that the trial court erred in denying appellant the opportunity to question prospective jurors concerning prior convictions during voir dire and that the trial court erred in closing questioning during voir dire about refusals to take the breathalyzer test.

{¶50}  In spite of the above disagreements with Judge Wise, I do agree with him as to the ultimate disposition of the case because I find the errors, viewed individually or synergistically, to be harmless based on the evidence.


_____

Judge Julie A. Edwards

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee                 :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
MARYANN HOLLAND                        :
                                       :
    Defendant-Appellant                :          Case No. 2011 CA 00104


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed.

Costs assessed to Appellant.


_____

_____

_____
                        JUDGES