[Cite as *State v. Kasler*, 2013-Ohio-2632.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Sheila G. Farmer, J. |
| -vs- | Case No. 12-CA-124 |
| JOHNNIE KASLER | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Fairfield County Court of
                                Common Pleas Court, Case No.
                                11 CR 147/404

JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         June 21, 2013

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

GREGG MARX                              DAVID A. SAMS
Prosecuting Attorney                    Box 40
By: Jocelyn S. Kelly                    W. Jefferson, Ohio 43162
Assistant Prosecuting Attorney
Fairfield County, Ohio
239 W. Main St., Ste. 101
Lancaster, Ohio 43130

*Hoffman, J.*

{¶1} Defendant-appellant Johnnie Kasler appeals the September 25, 2012 Judgment Entry entered by the Fairfield County Court of Common Pleas denying his petition for post conviction relief. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2} Appellant filed a direct appeal from his conviction and sentence in *State v. Kasler*, Fairfield App. 11 CA 59, 2012-Ohio-6073. Appellant then filed a petition for post-conviction relief in the trial court, which was denied via Judgment Entry of September 25, 2012.

{¶3} Appellant appeals that denial, assigning as error:

{¶4} "I. THE DEFENDANT-APPELLANT WAS DENIED THE RIGHT TO A SPEEDY TRIAL CONTRARY TO OHIO LAW AND THE STATE AND FEDERAL CONSTITUTIONS."

{¶5} On direct appeal to this Court in *State v. Kasler*, 5th Dist. No. 11CA59, 2012-Ohio-6073, Appellant argued his right to a speedy trial had been violated. This Court held "only 92 days elapsed of the 270 days within which appellant had to be brought to trial even if the time following the mistrial is counted." This Court also held the triple-count provision did not apply once the charges of the indictment were severed upon Appellant's motion.

{¶6} This Court's December 20, 2012 Opinion reads,

---

[1] A rendition of the underlying facts is unnecessary for our resolution of this appeal.

**{¶7}** "Appellant argues that because the felonious assault charges arose out of the same set of facts as the original rape and attempted rape charges, the time within which he should be brought to trial began to run with the original indictment.

**{¶8}** "Subsequent charges made against an accused are subject to the same speedy-trial constraints as the original charges, if the additional charges arose from the same facts as the first indictment. *State v. Adams,* 43 Ohio St.3d 67, 68, 538 N.E .2d 1025, 1027 (1989). However, the state is not subject to the speedy-trial timetable of the initial indictment when additional criminal charges arise from facts different from the original charges, or the state did not know of these facts at the time of the initial indictment. *Baker, supra,* at syllabus.

**{¶9}** "The State argues that it was not aware of the permanent damage to C.B.'s lip until 2011 when C.B. returned from Florida, where she had moved subsequent to the incident, to testify at the first trial, and thus could not have charged appellant with felonious assault in the original indictment.

**{¶10}** "***

**{¶11}** "The evidence presented at trial demonstrates that on the night of the rape, appellant punched C.B. in the lip when she refused to consent to sex with him. C.B. went to the hospital later that night to have her lip stitched. Dr. Mark Darnell saw C.B. and noted that her lip was completely severed. The inside, outside and muscular layers of the lip were all split. He called in a plastic surgeon, something he had done only a handful of times in nineteen years of practice. A plastic surgeon stitched her lip. When the police interviewed appellant several days after the incident, they showed him pictures of C.B.'s lip and he expressed shock at the severity of the injury. The incident

occurred in April of 2008, but appellant was not indicted until three years later in April of 2011. Although the State may not have seen C.B. until she appeared for the first trial because she had moved to Florida, the State had access to information concerning the potential severity of the injury at the time it occurred and could have inquired of C.B. about the lingering effects of the injury prior to her appearance at trial. We therefore find that for speedy trial purposes, the felonious assault charge dates back to the date of the original indictment.

{¶12} "However, in calculating the time within which a criminal defendant must be brought to trial under R.C. 2945.71, periods of delay resulting from motions filed by the defendant in a previous case also apply in a subsequent case in which there are different charges based on the same underlying facts and circumstances of the previous case. *State v. Blackburn,* 118 Ohio St.3d 163, 887 N.E.2d 319, 2008–Ohio–1823, syllabus. We therefore must determine if the time was tolled in the proceedings under the first indictment, and whether appellant was brought to trial within 270 days as required by statute.

{¶13} "Appellant was served with a warrant on the indictment on April 11, 2011. At that time, he was held in prison and so the triple count provision of R.C. 2945.71(E) applies. On April 13, 2011, he filed a motion for a bill of particulars and a discovery request. A demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E). *State v. Brown,* 98 Ohio St.3d 121, 781 N.E.2d 159, 2002–Ohio–7040, syllabus. Because of the triple count provision, the two days that elapsed before the clock was tolled count as six days.

**{¶14}** "On May 20, 2011, appellant filed a motion to sever the charges from the rape charges involving three other victims. This motion is another tolling event. The court granted the motion to sever the charges on June 17, 2011. At this point, appellant was no longer held in jail on solely the charges in the instant case as the charges were severed from the remaining charges. The triple count provision applies only when the defendant is being held in jail solely on the pending charge. *State v. Sanchez,* 110 Ohio St.3d 274, 277, 853 N.E.2d 283, 2006–Ohio–4478. Thus, the triple-count provision does not apply when a defendant is being held in custody pursuant to other charges. *Id.* Therefore, once the instant charges in which C.B. was the victim were severed from the charges involving the other three victims, appellant was no longer held in jail solely on the instant charges and the triple count provision no longer applied.

**{¶15}** "The speedy trial clock began to run again on June 17, 2011. Four days elapsed between the judgment granting the motion to sever and the start of appellant's first trial. At this point, a total of 10 days had elapsed of the 270 days in which the State must bring appellant to trial.

**{¶16}** "Appellant's first trial resulted in a mistrial on June 24, 2011. Ordinarily, the interval between the declaration of a mistrial and a retrial does not count toward a defendant's statutory speedy trial time, as long as the defendant is retried within a reasonable time. *State v. Morris,* 2nd Dist. No. 19283, 2003–Ohio–1049, ¶ 17, citing *State v. Fanning,* 1 Ohio St.3d 19, 437 N.E.2d 583 (1982). The holding in *Fanning* is in accord with the view that the statutory speedy trial requirements apply only until trial on the charges involved is commenced, and when that trial terminates in a mistrial the second trial is merely a continuation of the same trial proceeding. *Id.* However, only 82

days passed between the declaration of a mistrial on June 24, 2011 and the start of appellant's new trial on September 13, 2011, leaving only 92 days elapsed of the 270 days within which appellant had to be brought to trial even if the time following the mistrial is counted."

{¶17} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceedings, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment. *State v. Cole* (1982), 2 Ohio St.3d 112. A defendant is barred from appealing issues which were raised or could have been raised on direct appeal. *State v. Fischer* (2012), 128 Ohio St.3d 92.

{¶18} Here, Appellant is barred from again raising the issue of the trial court's calculation of the discovery period on direct appeal, as the issue was or could have been raised on direct appeal when this Court considered Appellant's assigned error of a speedy trial violation.

{¶19} The sole assignment of error is overruled.

{¶20}  The judgment of the Fairfield County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Farmer, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee             :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
JOHNNIE KASLER                         :
                                       :
    Defendant-Appellant            :          Case No. 12-CA-124


For the reason stated in our accompanying Opinion, the September 25, 2012

Judgment Entry entered by the Fairfield County Court of Common Pleas is affirmed.

Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin _____
HON. W. SCOTT GWIN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER