[Cite as *State v. Meadows*, 2019-Ohio-4943.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No.  2019CA0019 |
| DANIEL MEADOWS | : |  2019CA0020 |
|  | : |  |
| Defendant-Appellee | : | OPINION |


CHARACTER OF PROCEEDING:    Criminal appeal from the Mansfield
Municipal Court of Common Pleas, Case
Nos. 2018TRC04641 and 19TRC00293


JUDGMENT:    Affirmed in part; reversed in part; vacated
in part and remanded


DATE OF JUDGMENT ENTRY:    December 2, 2019


APPEARANCES:

For: Plaintiff-Appellee
JOSEPH R. REED
Assistant Law Director
City of Mansfield
30 North Diamond Street
Mansfield, OH  44902

For: Defendant-Appellant
JOHN C. O'DONNELL
10 West Newlon Place
Mansfield, OH 44902

*Gwin, P.J.*

{¶1} Defendant-appellant Daniel Meadows ["Meadows"] appeals his conviction and sentence after a jury trial in the Mansfield Municipal Court, Richland County, Ohio.

*Facts and Procedural History*

{¶2} On May 13, 2018, Trooper Robert Warner of the Ohio State Patrol initiated a stop of a vehicle for driving left of center. Meadows was driving the vehicle. As Trooper Warner approached and spoke with Meadows, the trooper noticed an odor of alcohol coming from the vehicle. Upon further questioning, Meadows admitted to having drunk one beer that evening.

{¶3} Trooper Warner requested Meadows perform the Walk and Turn, One Leg Stand, and Horizontal Gaze Nystagmus tests. Based on Meadows's performance on these tests, Trooper Warner determined that Meadows was under the influence and placed him under arrest for Operating a Vehicle under the Influence. Meadows subsequently refused to submit to a breath test after Trooper Warner had read him the BMV 2255 form. Meadows was charged for OVI "under the influence" in violation of R.C. 4511.19(A)(1)(a) in case number 18 TRC 4641[1].

{¶4} On January 11, 2019, the state filed a second charge in Case Number 19 TRC 293[2] under R.C. 4511.19(A) (2), which provides that when Defendant has a prior conviction in twenty years and it is a refusal, then the minimum sentence is six days. In that case, it was alleged that Meadows had a prior OVI in 2005.

---

[1] 5th Dist. Richland No. 2019 CA 0019.
[2] 5th Dist. Richland No. 2019 CA 0020.

{¶5}    Meadows filed a Motion to Dismiss in case number 19 TRC 293 on Speedy Trial grounds.  A hearing was held on January 29, 2019 prior to the Trial.  The trial court overruled the Motion to Dismiss.

{¶6}    Trial proceeded and a jury found Meadows guilty on both charges.  The trial court sentenced Meadows on both convictions.

*Assignments of Error*

{¶7}    "I.    THE    TRIAL    COURT    ERRED    IN    OVERRULING DEFENDANT/APPELLANT' S MOTION TO DISMISS PURSUANT TO ORC §2945.71.

{¶8}    "II. DEFENDANT/APPELLANT'S CONVICTION FOR A VIOLATION OF ORC §4511.19(A)(1) WAS TAINTED BY THE INADMISSIBLE EVIDENCE OF A PRIOR CONVICTION.

{¶9}    "III. THE COURT COMMITTED PLAIN ERROR BY IMPOSING SEPARATE SENTENCES.

{¶10}    "IV. TRIAL COUNSEL WAS INEFFECTIVE IN VIOLATION OF THE SIXTH AMENDMENT FOR FAILURE TO OBJECT TO THE TRIAL COURT'S SENTENCING ON THE ALLIED OFFENSES OF SIMILAR IMPORT."

I.

{¶11}    In his First Assignment of Error, Meadows contends that the OVI in Case number 19 TRC 293 is the same OVI charged in Case Number 18 TRC 4641.  Meadows notes that the only difference between the two cases is that in Case Number 19 TRC 293 the state alleged a prior conviction within 20 years.  Therefore, Meadows argues the state was required to bring him to trial within 90-days of his arrest.  Because he was not brought

to trial within that period of time, Meadows contends the trial court erred in overruling his motion to dismiss Case Number 19 TRC 293.

**STANDARD OF APPELLATE REVIEW.**

{¶12} Speedy trial provisions are mandatory and are encompassed within the Sixth Amendment to the United States Constitution. The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the states through the Fourteenth Amendment. *State v. Ladd*, 56 Ohio St.2d 197, 200, 383 N.E.2d 579 (1978). "The statutory speedy trial provisions, R.C. 2945.71 et seq., constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor and shall be strictly enforced by the courts of this state." *State v. Pachay*, 64 Ohio St.2d 218, 416 N.E.2d 589 (1980), syllabus.

{¶13} Our review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. *State v. Larkin,* 5th Dist. No.2004–CA–103, 2005-Ohio-3122, 2005 WL 1463255, ¶11. As an appellate court, we must accept as true any facts found by the trial court and supported by competent, credible evidence. *State v. Taylor*, 5th Dist. Richland No. 16 CA 17, 2016-Ohio-5912, 2016 WL 5118653, ¶ 43, *citing Larkin, supra*. With regard to the legal issues, however, we apply a de novo standard of review and thus freely review the trial court's application of the law to the facts. Id.

{¶14} When reviewing the legal issues presented in a speedy-trial claim, we must strictly construe the relevant statutes against the state. *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 661 N.E.2d 706, 709 (1996); *State v. Colon*, 5th Dist. Stark No. 09-CA-232, 2010-Ohio-2326, 2010 WL 2060900, ¶ 12.

**ISSUE FOR APPEAL.**

*Whether the trial court permissibly extended the trial date beyond the R.C. 2945.71 time prescriptions.*

{¶15} A person charged with a first degree misdemeanor shall be brought to trial within ninety days after the person's arrest or the service of summons." R.C. 2945.71(B)(2).

{¶16} Meadows did not waive time in either case. Pursuant to R.C. 2945.73, a person who is not brought to trial within the proscribed time period found in R.C. 2945.71 and R.C. 2945.72 "shall be discharged" and further criminal proceedings based on the same conduct are barred.

{¶17} A defendant establishes a prima facie case for discharge once he demonstrates that he has not been brought for trial within the time limits set forth in R.C. 2945.71. *State v. Ashbrook*, 5th Dist. Licking No. 06 CA 158, 2007-Ohio-4635, 2007 WL 2582869, ¶ 49, *citing State v. Butcher*, 27 Ohio St.3d 28, 30–31, 500 N.E.2d 1368 (1986). When an appellant has established he was tried outside speedy-trial time limits, the burden shifts to the state to show that the time limit was extended under R.C. 2945.72. Id. at ¶31. If the state fails to produce evidence in rebuttal under R.C. 2945.72, then discharge pursuant to R.C. 2945.73(B) is required. Id. "When reviewing a speedy-trial issue, an appellate court must calculate the number of days chargeable to either party and determine whether the appellant was properly brought to trial within the time limits set forth in R.C. 2945.71." *State v. Riley*, 162 Ohio App.3d 730, 2005-Ohio-4337, 834 N.E.2d 887, ¶ 19 (12th Dist.).

{¶18} Certain events toll the accumulation of speedy-trial time.   R.C. 2945.72 provides for a tolling of the time limitations under certain circumstances,

The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;

(B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;

(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;

(D) Any period of delay occasioned by the neglect or improper act of the accused;

(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

(F) Any period of delay necessitated by a removal or change of venue pursuant to law;

(G) Any period during which trial is stayed pursuant to an express statutory requirement or pursuant to an order of another court competent to issue such order;

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;

(I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending.

**{¶19}** In the case at bar, Meadows confuses *waiver* with *tolling*. When a defendant *waives* the right to a speedy trial as to an initial charge, such waiver is not applicable to additional charges arising from the same set of circumstances that are brought subsequent to the execution of the waiver. *State v. Adams*, 43 Ohio St.3d 67, 538 N.E.2d 1025, syllabus (1989). However, periods of delay resulting from *motions filed by the defendant in a previous case* also apply in a *subsequent* case in which there are different charges based on the same underlying facts and circumstances of the previous case. *State v. Blackburn*, 118 Ohio St.3d 163, 887 N.E.2d 319, 2008–Ohio–1823, syllabus; *Accord, State v. Hammond,* 5th Dist. Knox No. 15CA02, 2015-Ohio-4156, ¶21; *State v. Kasler,* 5th Dist. Fairfield No. 12-CA-124, 2013-Ohio-2632, ¶12.

**{¶20}** Meadows did not file a written waiver of his speedy trial rights in either Case number 18 TRC 4641 or Case Number 19 TRC 293.

{¶21} In Case Number 18 TRC 4641, the trial court granted Meadows a continuance by Judgment Entry filed July 25, 2018. [Docket Number 7]. By Judgment Entry filed August 24, 2018, the trial court continued the case as a result of Meadows' jury demand to September 25, 2018. [Docket No. 8]. By Judgment Entry filed September 20, 2018, the trial court granted Meadows' request to continue and continued the jury trial until October 23, 2018. [Docket No. 10]. By Judgment Entry filed October 25, 2018, the trial court continued the jury trial until November 27, 2018. [Docket No. 11]. By Judgment Entry filed December 11, 2018, the trial court granted Meadows's motion to continue and continued the jury trial until January 29, 2019. [Docket No. 13]. Meadows's jury trial commenced on January 29, 2019.

{¶22} Meadows does not argue or raise as error that his speedy trial rights were violated in Case Number 18 TRC 4641. Because each continuance granted in Case Number 18 TRC 4641 is chargeable against Case Number 19 TRC 293, no violation of Meadows' speedy trial rights occurred in Case Number 19 TRC 293.

{¶23} Meadows First Assignment of Error is overruled.

II.

{¶24} In his Second Assignment of Error, Meadows argues that his previous conviction for OVI that occurred in 2005 was not admissible in the present case. He contends that he was unfairly prejudiced by the trial court's admission of his prior conviction.

**STANDARD OF REVIEW.**

{¶25} "[A] trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the

rules of procedure and evidence." *Rigby v. Lake Cty.*, 58 Ohio St.3d 269, 271, 569 N.E.2d 1056 (1991). "Ordinarily, we review a trial court's hearsay rulings for an abuse of discretion. *State v. Hymore*, 9 Ohio St.2d 122, 128, 224 N.E.2d 126 (1967). However, we review de novo evidentiary rulings that implicate the Confrontation Clause. *United States v. Henderson*, 626 F.3d 326, 333 (6th Cir. 2010)." *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, 70 N.E.3d 508, ¶97.

### ISSUE FOR APPEAL

*Whether the trial court abused its discretion by admitting evidence of Meadows prior conviction.*

{¶26} Evid.R. 404(A) provides that evidence of a person's character is not admissible to prove the person acted in conformity with that character. Evid.R. 404(B) sets forth an exception to the general rule against admitting evidence of a person's other bad acts. The Rule states as follows: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

{¶27} A prior OVI conviction within 20 years is an element of R.C. 4511.19(A)(2). *State v. Holland*, 5th Dist. Stark No. 2011 CA 00104, 2012-Ohio-486, ¶ 19. In State *v. Hoover,* the Ohio Supreme Court stated:

It is crucial to note that the refusal to consent to testing is not, itself, a criminal offense. The activity prohibited under R.C. 4511.19(A)(2) is operating a motor vehicle while under the influence of drugs or alcohol. A

person's refusal to take a chemical test is simply an additional element that must be proven beyond a reasonable doubt **along with the person's previous DUI conviction** to distinguish the offense from a violation of R.C. 4511.19(A)(1)(a).

123 Ohio St.3d 418, 2009-Ohio-4993, 916 N.E.2d 1056, ¶21 [Emphasis added.] We have therefore previously found that a trial court did not err in allowing appellee to present evidence of a defendant's prior conviction "as such was an element of the offense for which the State bears the burden of proof." *Holland, supra*, 2012-Ohio-486 at ¶ 21; *see also, State v. Leasure*, 4th Dist. No. 15CA3484, 2015-Ohio-5327, 43 N.E.3d 477

{¶28} The Ohio Supreme Court has held that a trial court abuses its discretion when it refuses to accept the offer of defense counsel to stipulate to the fact of a prior conviction for the purpose of establishing the element of an offense that requires proof of a prior conviction. *State v. Creech*, 150 Ohio St.3d 540, 2016–Ohio–8440, 84 N.E.3d 981. Thus, if counsel had offered to stipulate to the 2005 conviction, the trial court would have been required to accept the stipulation. In the case at bar, trial counsel did not stipulate to the prior conviction. Nor did counsel object when the state attempted to introduce the prior conviction. (T. at 110).

{¶29} Accordingly, the trial court did not err in admitting evidence of Meadows's 2005 conviction because it was an element of the crime that the state was required to prove beyond a reasonable doubt.

{¶30} Meadows's Second Assignment of Error is overruled.

III.

{¶31} In his Third Assignment of Error, Meadows argues it was contrary to law for the trial court to sentence him on each OVI offense because the cases are identical. The only difference between to the two charges is the addition of a prior conviction that enhances the penalty. The OVI counts are based upon the same conduct in both cases. Meadows concedes he did not object.

**STANDARD OF APPELLATE REVIEW.**

{¶32} Meadows did not object or raise this error in the trial court. In criminal cases where an objection is not raised at the trial court level, "plain error" is governed by Crim. R. 52(B), which states, "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." An alleged error "does not constitute a plain error ... unless, but for the error, the outcome of the trial clearly would have been otherwise." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804(1978), paragraph two of the syllabus.

{¶33} "[A]n appellate court may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 130 S.Ct. 2159, 176 L.Ed.2d 1012(2010) (internal quotation marks and citations omitted).

{¶34} The defendant bears the burden of demonstrating that a plain error affected his substantial rights. *United States v. Olano*, 507 U.S. at 725,734, 113 S.Ct. 1770, 123

L.Ed.2d 508(1993); *State v. Perry*, 101 Ohio St.3d 118, 120 802 N.E.2d 643(2004). Even if the defendant satisfies this burden, an appellate court has discretion to disregard the error. *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002); *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus; *Perry, supra*, at 118, 802 N.E.2d at 646.

### ISSUE FOR APPEAL.

*Whether the trial court's sentence of Meadows for two OVI cases was error affecting Meadows's substantial rights.*

{¶35} The state agrees the sentences are clearly contrary to law. The state notes that the two charges should have been merged for purposes of sentencing and Meadows should have been sentenced on one of the two charges, as elected by the prosecution. [Appellee's Brief at 10].

{¶36} In *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 2, the Ohio Supreme Court held the imposition of separate sentences for allied offenses of similar import is contrary to law and such sentences are void.

{¶37} There is no dispute that there is only one OVI offense in the case at bar. The same stop and arrest was asserted in two separate cases. A second case was commenced only to include the sentence-enhancing element of a prior conviction.

{¶38} The Fifth Amendment to the United States Constitution guarantees that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." The Ohio Constitution contains a similarly worded guarantee: "No person shall be twice put in jeopardy for the same offense." Ohio Constitution, Article I, Section 10.1. The Ohio Supreme Court has read these provisions to protect against three distinct wrongs: "(1) a

second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *State v. Gustafson*, 76 Ohio St.3d 425, 432, 668 N.E.2d 435 (1996), *citing United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989); *State v. Soto,* Oh. Sup. No. 2018-0416, 2019-Ohio-4430, ¶12 (Oct. 31, 2019).

{¶39}   In the case at bar, Meadows is being punished for the same OVI offense in 18 TRC 4641 and 19 TRC 293.   Accordingly, we find plain error in the trial court's sentencing Meadows in each case. The trial court should have required that the state select which case that it wished to proceed upon for sentencing.

{¶40}   Meadows's Third Assignment of Error is sustained.

IV.

{¶41}   In his Fourth Assignment of Error, Meadows argues that he received ineffective assistance of counsel because his trial attorney failed to request that the trial court merge the two convictions.

**STANDARD OF APPELLATE REVIEW.**

{¶42}   To obtain a reversal of a conviction based on ineffective assistance of counsel, the defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding. *Strickland v. Washington,* 466 U.S. 668, 687–688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693(1984).   A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other.   *Strickland* at 697, 104 S.Ct. at 2069, 80 L.Ed.2d at 699; *State v. Madrigal*, 87 Ohio St.3d 378, 2000-Ohio-448, 721 N.E.2d 52 (2000).

**{¶43}** The United States Supreme Court discussed the prejudice prong of the *Strickland* test,

With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., at 694, 104 S.Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Id., at 693, 104 S.Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id., at 687, 104 S.Ct. 2052.

"Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. ——, ——, 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010). An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S., at 689–690, 104 S.Ct. 2052. Even under de novo review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." Id., at 689, 104 S.Ct. 2052; *see also Bell*

*v. Cone*, 535 U.S. 685, 702, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002); *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S., at 690, 104 S.Ct. 2052.

*Harrington v. Richter,* 562 U.S. 86, 104-105, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011).

**ISSUE FOR APPEAL.**

*Whether there is a reasonable probability that, but for counsel's failure to move for merger of the sentences for the two OVI cases the result of the proceeding would have been different*

{¶44} Because we have found that the trial court's sentencing of Meadows in each OVI case was error affecting Meadows's substantial rights, counsel was ineffective in failing to raise this issue. *See, State v. Carson,* 10th Dist. Franklin No. 05AP-13, 2006-Ohio-2440, ¶51 ("this court held that where the failure to object does not constitute plain error, the issue cannot be reversed by claiming ineffective assistance of counsel."); *State v. Koogler,* 10th Dist. Franklin No. 84AP-221, 1984WL5883(Sept. 6, 1984)("the failure to object does not automatically become an ineffective assistance of counsel unless the failure to object rises to the level of plain error. *See Jones v. Jago* (1983), 701 F.2d 45, 47-48; United *States v. DeWolf* (1982), 696 F.2d 1, 4. As pointed out in *DeWolf*, to allow that claim upon failure to object would allow a defendant to whipsaw the state by claiming inadequate representation for failure to note objections not saved by plain error.

{¶45}  Meadows's Fourth Assignment of Error is sustained.

**CONCLUSION.**

{¶46}  The judgment of the Mansfield Municipal Court, Richland County, Ohio is affirmed in part, reversed in part and vacated in part.  Section 3(B) (2), Article IV of the Ohio Constitution gives an appellate court the power to affirm, reverse, or modify the judgment of an inferior court.  Meadows's sentence in Case No. 18 TRC 293 is vacated; Meadows's sentence in 19 TRC 4641 is vacated.  This case is remanded to the trial court for further proceedings in accordance with this Opinion and the law.

By Gwin, P.J.,

Baldwin, J., and

Wise, Earle E., J., concur