[Cite as *State v. Hughes*, 2013-Ohio-458.]

hCOURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| JOSEPH Q. HUGHES | : | Case No. 12CA0004 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case No. 2008CR128


JUDGMENT:                       Affirmed


DATE OF JUDGMENT:               February 8, 2013


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

TOM C. ELKIN                          SAMUEL H. SHAMANSKY
60 East High Street                   DONALD L. REGENSBURGER
Mount Gilead, OH  43338               523 South Third Street
                                      Columbus, OH  43215

*Farmer, J.*

{¶1} On August 13, 2008, the Morrow County Grand Jury indicted appellant, Joseph Hughes, on three counts of theft in violation of R.C. 2913.02, five counts of theft in office in violation of R.C. 2921.41, three counts of tampering with evidence in violation of R.C. 2911.12, three counts of receiving stolen property in violation of R.C. 2913.51, one count of falsification in violation of R.C. 2913.51, and one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32. Said charges arose from the theft of numerous items including air conditioners belonging to Morrow County. Appellant was a patrolman with the Mount Gilead Police Department.

{¶2} On October 15, 2009, appellant filed a motion to suppress, claiming an unlawful search of his residence wherein the air conditioners were found. By journal entry filed April 7, 2011, the trial court denied in part and granted in part the motion, finding any seized evidence pertaining to LED lights was improper.

{¶3} A jury trial commenced on November 21, 2011. The jury found appellant guilty of one of the theft counts, two of the theft in office counts, two of the tampering with evidence counts, two of the receiving stolen property counts, and the falsification count. By journal entry filed January 25, 2012, the trial court sentenced appellant to an aggregate term of two years in prison.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶5} "THE TRIAL COURT'S ADMISSION OF EVIDENCE PROCURED AS A DIRECT RESULT OF THE UNLAWFUL SEARCH OF APPELLANT'S HOME

VIOLATED HIS RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES AS GUARANTEED BY THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION."

II

{¶6}   "TRIAL COUNSEL'S FAILURE TO OBJECT TO THE ADMISSIBILITY OF STATE'S EVIDENCE AND PRESERVE THE ISSUE FOR APPEAL CONSTITUTES INEFFECTIVE ASSISTANCE OF COUNSEL AND WAS IN VIOLATION OF APPELLANT'S RIGHTS AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION."

I

{¶7}   Appellant claims the trial court erred denying his motion to suppress in part.  We disagree.

{¶8}   There are three methods of challenging on appeal a trial court's ruling on a motion to suppress.  First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence.  *State v. Fanning,* 1 Ohio St.3d 19 (1982); *State v. Klein,* 73 Ohio App.3d 486 (4th Dist. 1991); *State v. Guysinger,* 86 Ohio App.3d 592 (4th Dist. 1993).  Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact.  In that case, an appellate court can reverse the trial court for committing an error of law.  *State v. Williams,* 86 Ohio App.3d 37 (4th Dist. 1993).  Finally, assuming the trial court's

findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio App.3d 93 (8th Dist. 1994); *State v. Claytor,* 85 Ohio App.3d 623 (4th Dist. 1993); *Guysinger.* As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663 (1996), "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶9} Appellant rented a farmhouse owned by Walter Berg. T. at 34. Mr. Berg had appellant's permission to enter the basement and purge the well to flush the water lines as needed. T. at 42-43. On July 5, 2008, Mr. Berg entered the basement and observed several air conditioners. T. at 45-46. Shortly thereafter, Mr. Berg read a newspaper article about stolen air conditioners. T. at 48. Mr. Berg returned to the basement, repurged the well, photographed the air conditioners, and contacted the police. T. at 49, 51. After the air conditioners were identified in the photographs as the stolen air conditioners, the police obtained and executed a search warrant and discovered the stolen property. T. at 15, 98. Additional search warrants followed which turned up more stolen property. T. at 118, 138-139, 167. The police did not become involved with the case until after Mr. Berg had taken the photographs. T. at 31-32, 58-59.

{¶10} Appellant argues the issuance of the first search warrant was based on an illegal and warrantless search of his residence by Mr. Berg. Appellant argues the trial court erred in finding Mr. Berg "was a private citizen operating under no color of authority of governmental action." See, Judgment Entry filed April 7, 2011. As stated by the Supreme Court of Ohio in *State v. Morris,* 42 Ohio St.2d 307, 316 (1975), "Fourth Amendment protection against unlawful searches and seizures applies only to action by government authorities or their agents." The *Morris* court then explained:

> The unlawful acts of private individuals in conducting illegal searches and seizures are not subject to constitutional proscription. Where, however, a warrantless search is not an exclusively private undertaking but involves some degree of police participation, then courts must look to the facts surrounding the search in order to determine whether it is an unreasonable police search or an excepted private search.

{¶11} We find Mr. Berg's testimony, substantiated by Lieutenant Chad McGinty, established there was no police involvement or action until after the photographs had been taken. Mr. Berg, as a private individual on his own accord, re-entered the basement and took photographs of what he believed to be stolen air conditioners. He then went to the police. Armed with the photographs, Lieutenant McGinty was able to have the stolen air conditioners identified which led to the procurement of a search warrant.

{¶12} Upon review, we find the trial court did not err in denying appellant's motion to suppress.

{¶13} Assignment of Error I is denied.

II

{¶14} Appellant claims his trial counsel was ineffective. We disagree.

{¶15} The standard this issue must be measured against is set out in *State v. Bradley,* 42 Ohio St.3d 136 (1989), paragraphs two and three of the syllabus. Appellant must establish the following:

> 2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

> 3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.

{¶16} Appellant argues his trial counsel was deficient in failing to object at trial to the admission of the "tainted" evidence obtained via Mr. Berg's unconstitutional search. Although defense counsel did not object, the matter was preserved for appeal because

of the filing of the motion to suppress.  The motion challenged the issuance of the search warrant pursuant to Mr. Berg's actions which is the same argument advanced in this assignment of error.  We do not find any deficiency by trial counsel.

{¶17}  Assignment of Error II is denied.

{¶18}  The judgment of the Court of Common Pleas of Morrow County, Ohio is hereby affirmed.

By Farmer, J.

Delaney, P.J. and

Hoffman, J. concur.

s/ Sheila G. Farmer_____

s/ Patricia A. Delaney_____

_s/ William B. Hoffman_____

JUDGES

SGF/sg 108

[Cite as *State v. Hughes*, 2013-Ohio-458.]

IN THE COURT OF APPEALS FOR MORROW COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee             :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
JOSEPH Q. HUGHES                       :
                                       :
    Defendant-Appellant            :          CASE NO. 12CA0004

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morrow County, Ohio is affirmed. Costs to appellant.

s/ Sheila G. Farmer_____

s/ Patricia A. Delaney_____

 s/ William B. Hoffman_____

JUDGES