[Cite as *State v. Hughes*, 2014-Ohio-2328.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case Nos.  12CA0004 |
| JOSEPH Q. HUGHES | : | 12CA0005 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case Nos. 2008CR128 & 2008CR208


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      May 27, 2014


APPEARANCES:

For Plaintiff-Appellee                                  For Defendant-Appellant

TOM C. ELKIN                                         KEVIN P. COLLINS
60 East High Street                                      495 South State Street
Mount Gilead, OH  43338                          Marion, OH  43302

*Farmer, J.*

{¶1} On August 13, 2008, the Morrow County Grand Jury indicted appellant, Joseph Hughes, on three counts of theft in violation of R.C. 2913.02, five counts of theft in office in violation of R.C. 2921.41, three counts of tampering with evidence in violation of R.C. 2911.12, three counts of receiving stolen property in violation of R.C. 2913.51, one count of falsification in violation of R.C. 2913.51, and one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32 (Case No. 2008CR128). On December 5, 2008, the Morrow County Grand Jury indicted appellant on additional counts: three counts of theft in violation of R.C. 2913.02, one count of theft in office in violation of R.C. 2921.41, three counts of tampering with evidence in violation of R.C. 2911.12, and four counts of receiving stolen property in violation of R.C. 2913.51 (Case No. 2008CR208). Said charges arose from the theft of numerous items including air conditioners belonging to Morrow County. Appellant was a patrolman with the Mount Gilead Police Department.

{¶2} On October 15, 2009, appellant filed a motion to suppress, claiming an unlawful search of his residence wherein the air conditioners and other stolen items were found. By amended corrected journal entry filed April 7, 2011, the trial court denied in part and granted in part the motion, finding any seized evidence pertaining to LED lights was improper.

{¶3} A jury trial commenced on November 14, 2011. In Case No. 2008CR128, the jury found appellant guilty of one of the theft counts, two of the theft in office counts, two of the tampering with evidence counts, two of the receiving stolen property counts, and the falsification count. By journal entry filed January 25, 2012, the trial court

sentenced appellant to an aggregate term of two years in prison. In Case No. 2008CR208, the jury found appellant guilty of the theft counts, the theft in office count, two of the tampering with evidence counts, and three of the receiving stolen property counts. By journal entry filed January 25, 2012, the trial court sentenced appellant to an aggregate term of two years in prison. The two aggregate terms were ordered to be served consecutively.

{¶4} Appellant filed an appeal in each case, citing as error the trial court's denial of his motion to suppress based on an illegal search and ineffective assistance of counsel related to the "tainted" evidence discovered during the "illegal search." This court denied the assignments of error and affirmed appellant's convictions. *See, State v. Hughes,* 5th Dist. Morrow No. 12CA0004, 2013-Ohio-458, and *State v. Hughes,* 5th Dist. Morrow No. 12CA0005, 2013-Ohio-459.

{¶5} On May 6, 2013, appellant filed a motion to reopen each case, claiming ineffective assistance of counsel in seven areas. By judgment entry filed August 12, 2013, this court granted the motion on four of the issues: speedy trial, joinder of indictments, access to grand jury transcripts, and insufficient evidence.

{¶6} This matter is now before this court for consideration. Assignments of error are as follows:

I

{¶7} "APPELLANT'S RIGHT TO A SPEEDY TRIAL, GUARANTEED BY THE STATE AND FEDERAL CONSTITUTIONS, WAS VIOLATED BY REPEATED CONTINUANCES GRANTED TO THE PROSECUTION AND THE DENIAL OF THE MOTION TO DISMISS."

II

{¶8} "THE TRIAL COURT ERRED IN JOINING THE TWO SEPARATE INDICTMENTS IN THE ABSENCE OF A MOTION THEREFORE, DEPRIVING APPELLANT OF A FAIR TRIAL AND DUE PROCESS OF LAW."

III

{¶9} "THE TRIAL COURT ERRED AND ABUSED IT'S DISCRETION BY REFUSING ACCESS TO GRAND JURY TRANSCRIPTS AFTER "PARTICULARIZED NEED" WAS DEMONSTRATED."

IV

{¶10} "THE EVIDENCE ADDUCED AT TRIAL WAS INSUFFICIENT, AS A MATTER OF LAW, TO SUSTAIN THE CONVICTIONS FOR THEFT, THEFT IN OFFICE, TAMPERING WITH EVIDENCE, AND FALSIFICTION; AND THE RESULTING CONVICTIONS STAND IN VIOLATION OF THE DUE PROCESS CLAUSE."

I

{¶11} Appellant claims the trial court erred in denying his motion to dismiss on speedy trial grounds. We disagree.

{¶12} R.C. 2945.71 governs time within which hearing or trial must be held. Subsection (C)(2) states a "person against whom a charge of felony is pending: [s]hall be brought to trial within two hundred seventy days after the person's arrest."

{¶13} A speedy trial claim involves a mixed question of law and fact. *State v. Larkin,* 5th Dist. Richland No. 2004-CA-103, 2005-Ohio-3122. "As an appellate court, we must accept as true any facts found by the trial court and supported by competent,

credible evidence.   With regard to the legal issues, however, we apply a *de novo* standard of review and thus freely review the trial court's application of the law to the facts. *Id.*"  *State v. Colon,* 5th Dist. Stark No. 0-CA-232, 2010-Ohio-2326, ¶ 11.

{¶14}  R.C. 2945.72 states the following in pertinent part:

The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;

(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]

{¶15}  The first indictment was filed on August 13, 2008 (Case No. 2008CR128). On November 18, 2008, appellant filed a motion to continue the trial date of December 8, 2008 and waived time for the continuance as he "is the subject of a new indictment

which the State and Defendant have agreed will be arraigned on DECEMBER 12, 2008 at 9:00 am."  The time from August 13, 2008 to November 18, 2008 was 97 days.

{¶16}  The second indictment was filed on December 5, 2008 (Case No. 2008CR208).

{¶17}  In both cases, appellant filed a motion to suppress on February 5, 2009 which started tolling time.  For the second case, the time from December 5, 2008 to February 5, 2009 was 66 days.  During a September 2, 2009 hearing to entertain appellant's motion to suppress, defense counsel requested a continuance to obtain additional discovery: "So based on that, I am requesting a continuance of this hearing to the new date of 11/30/09 at 1:00 o'clock.  Mr. Hughes is here to agree to that continuance and waive time for that period."  September 2, 2009 T. at 4.  The trial court granted the request and noted "[t]ime will continue to toll until our next scheduled - - until the hearing on the motion to suppress is had."  *Id.* at 6.  The final hearing on the motion to suppress was held on December 15, 2010.  The motion to suppress was denied on March 21, 2011 (an amended corrected journal entry was filed on April 7, 2011).  All of the time from February 5, 2009 to March 21, 2011 was tolled.

{¶18}  On July 21, 2011, defense counsel (Earl Desmond, Esq.) filed a motion to withdraw as private counsel which started tolling time.  The motion was granted on July 26, 2011.  On August 30, 2011, the trial court appointed Mr. Desmond to represent appellant.  The time from March 21, 2011 to July 21, 2011 was 122 days.

{¶19}  On September 2, 2011, Mr. Desmond filed a motion to reconsider the appointment or rescheduled the September 12, 2011 trial date due to his involvement in a death penalty case which started tolling time.  By journal entry filed October 6, 2011,

the trial court continued the trial date to November 14, 2011. The time from August 30, 2011 to September 2, 2011 was 3 days.

{¶20} On October 21, 2011, appellant filed a motion to dismiss, alleging speedy trial violations. On the morning of trial, the matter was argued and the trial court determined the following (T. at 24-25):

THE COURT: Well, what I'm looking at is that we don't want to get far afield here. On September the 22nd of 2009, this was a journal entry filed by Judge Hickson, whereby, it states this matter came on for hearing on September the 2nd, 2009, indicated the presence of Miss Stefancin and Mr. Desmond. Counsel for the defendant requested a continuance of the motion hearing as he is lacking a great deal of discovery and some of the material that will affect the motion pending before the Court and therefore, will need to supplement this motion. The Court granted the defendant's motion to continue. The defendant through counsel waived his right to a speedy trial in this matter.

And then put down an order for a rescheduling of it until November the 30th of 2009. The time within which to try this matter is hereby tolled until the motion to supplement is heard, blah-blah-blah okay. So this appears to be a waiver in there that apparently counsel was not aware of. Do you recall that now after that hearing?

MR. DESMOND: I'll admit to bad memory, sir. I don't recall.

THE COURT: Well, at any rate, in addition the Court does find that that entry does exist and denies the defendant's motion, but not just for that because if I found in there that the State of Ohio was egregious and just drug this thing out relying on a speedy trial waiver, I would certainly take that into consideration. The Court does not find that to be the case. It finds that there was one where the wife was pregnant and in labor. There was this. It was tolled. There was other motions filed by the defendant. So the Court finds reasons other than the waiver and also to deny this motion for dismissal for lack of speedy trial.

{¶21} Notwithstanding appellant's "waiver" on September 2, 2009, a maximum of 222 days can be charged to the state in the first indictment and a maximum of 191 days can be charged to the state in the second indictment, given that additional days can be deducted for appellant's requests for discovery and bill of particulars. *State v. Brown,* 98 Ohio St.3d 121, 2002-Ohio-7040, syllabus (an accused's "demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E).")

{¶22} Upon review, we do not find any speedy trial violations, and find the trial court did not err in denying appellant's motion to dismiss.

{¶23} Assignment of Error I is denied.

II

{¶24} Appellant claims the trial court erred in joining the two separate indictments for trial in the absence of a motion. We disagree.

{¶25}  Pursuant to Crim.R. 13, "[t]he court may order two or more indictments or informations or both to be tried together, if the offenses or the defendants could have been joined in a single indictment or information."

{¶26}  Crim.R. 8(A) governs joinder of offenses and states the following:

Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct.

{¶27}  Crim.R. 14 governs relief from prejudicial joinder and states the following:

If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment, information, or complaint, or by such joinder for trial together of indictments, informations or complaints, the court shall order an election or separate trial of counts, grant a severance of defendants, or provide such other relief as justice requires. In ruling on a motion by a defendant for severance, the court shall order the prosecuting attorney to deliver to the court for inspection pursuant to

Rule 16(B)(1) any statements or confessions made by the defendants which the state intends to introduce in evidence at the trial.

{¶28} The standard of review on this issue is set forth in *State v. Torres,* 66 Ohio St.2d 340 (1981), syllabus:

A defendant claiming error in the trial court's refusal to allow separate trials of multiple charges under Crim.R. 14 has the burden of affirmatively showing that his rights were prejudiced; he must furnish the trial court with sufficient information so that it can weigh the considerations favoring joinder against the defendant's right to a fair trial, and he must demonstrate that the court abused its discretion in refusing to separate the charges for trial.

{¶29} The state never filed a motion for joinder. On October 21, 2011, appellant filed a bare motion for relief from prejudicial joinder. On the morning of trial, the matter was argued to the trial court. The state argued the two indictments covered comparable criminal acts that were closely related in time, committed as a continuing course of conduct while appellant was employed as a police officer; therefore, "the evidence of each indictment individually would be permissible under the Evidence Rules to show that this was a common plan, motive, scheme, or absence of mistake." T. at 31-32. Appellant argued the state never filed a motion for joinder and as a result, he was "massively prejudiced" by having the two cases tried together as it was "never

anticipated." T. at 33-34. The trial court denied the motion for relief from prejudicial joinder, finding the following (T. at 37-39):

THE COURT: Okay. I think I have heard enough to rule so we can move on. I got into this case approximately a year ago and it has been evident to me in looking at the file that the parties have always treated these as being tried together and I'm just going by everybody's surprise that assuming that because these cases have been set together from day one, all motions, all hearings, you know, all pleadings are addressing - -

\*\*\*

What I'm just saying is I think - - I think that you are right. That there hasn't been and I think that the State has acknowledged that other than this, they did find this hearing, which kind of goes - - it doesn't say verbatim, an entry that these cases are hereby joined for the various reasons, et cetera or any objection, but I think in this case that the defense has acquiesced in this and has recognized that they are tried together.

There is a continuous course of allegations of a criminal conduct and in the sense of judicial economy, also or probably in like reasons and I don't find that the defendant has been prejudiced whatsoever or surprised because and so just for the record, the Court, you know, hereby consolidates these and finds that they have been consolidated, you know, from almost the conception of this case has been treated by both parties and the Court as the same. No objections have ever been noted by the

defense that I can say and I don't think you related that you ever brought this up until the trial and with all due respect, I don't think that - - I think the main thing that I want to do, I have gone through and heard the suppression hearings, so I feel like I'm familiar with that case. I'm not familiar with all some of the pleadings, et cetera, that went on back. I think in that case I never heard anything any objection. They were tried together. I didn't hear, you know, like it doesn't make sense to say for the motion to suppress it is okay, but for everything else I mean it is not, I mean for the trial.

{¶30} Every time each case was set for trial, the date would be the same. It would be impossible for defense counsel to try two separate cases on the same day, so it was clearly anticipated that the two cases would be tried together. As the state argued, the two indictments covered comparable criminal acts that were closely related in time, committed as a continuing course of conduct while appellant was employed as a police officer; therefore, the evidence of each indictment would come in to show a common scheme and the absence of mistake.

{¶31} Upon review, we find the trial court did not err in denying appellant's motion for relief from prejudicial joinder.

{¶32} Assignment of Error II is denied.

III

{¶33} Appellant claims the trial court erred in denying him access to grand jury testimony as he demonstrated a "particularized need." We disagree.

{¶34}  Crim.R. 16 governs discovery and inspection.  Subsections (B)(1) and (3), in effect until July 1, 2010 when amended, stated the following:

**(B) Disclosure of evidence by the prosecuting attorney**

(1) Information subject to disclosure.

(a) Statement of defendant or co-defendant. Upon motion of the defendant, the court shall order the prosecuting attorney to permit the defendant to inspect the copy or photograph any of the following which are available to, or within the possession, custody, or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney:

(i) Relevant written or recorded statements made by the defendant or co-defendant, or copies thereof;

(ii) Written summaries of any oral statement, or copies thereof, made by the defendant or co-defendant to a prosecuting attorney or any law enforcement officer;

(iii) Recorded testimony of the defendant or co-defendant before a grand jury.

(3) Grand jury transcripts. The discovery or inspection of recorded proceedings of a grand jury shall be governed by Rule 6(E) and subsection (B)(1)(a) of this rule.

{¶35} Crim.R. 6 governs the grand jury.  Subsection (E) states the following in pertinent part:

**(E) Secrecy of proceedings and disclosure**

Deliberations of the grand jury and the vote of any grand juror shall not be disclosed.  Disclosure of other matters occurring before the grand jury may be made to the prosecuting attorney for use in the performance of his duties.  A grand juror, prosecuting attorney, interpreter, stenographer, operator of a recording device, or typist who transcribes recorded testimony, may disclose matters occurring before the grand jury, other than the deliberations of a grand jury or the vote of a grand juror, but may disclose such matters only when so directed by the court preliminary to or in connection with a judicial proceeding, or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury.

{¶36} In *State v. Greer,* 66 Ohio St.2d 139 (1981), paragraph two of the syllabus, the Supreme Court of Ohio stated: "Grand jury proceedings are secret, and an accused is not entitled to inspect grand jury transcripts either before or during trial unless the ends of justice require it and there is a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy." A particularized need is established " 'when the circumstances reveal a probability that

the failure to provide the grand jury testimony will deny the defendant a fair trial' " of the allegations placed in issue by the witnesses' testimony. *State v. Davis,* 38 Ohio St.3d 361, 365 (1988), quoting *State v. Sellards,* 17 Ohio St.3d 169 (1985).

{¶37} Defense counsel argued the particularized need was a result of the state's motion to amend the indictments because of a scrivener's error. T at 48. Defense counsel argued the following (T. at 41-42, 44):

MR. DESMOND: I can do it. What happened is that, let's see, when did they file their motion to amend? Okay. They filed their motions to amend on November the 4th. At the time that I got these, I managed to file a memorandum contra, okay, on November 10th, okay, and they want to amend supposedly according to them, 10 counts in both cases and I noticed they had them separately and I think it was four in the first in 128 and six in 208. So I go through their motions to amend and I find that they want to amend and they say nothing more than it is scrivener's error. And okay, I'm supposed to take their word for this that this is a scrivener's error.

Well, I can tell you how you can solve this. I asked for then, again, I had asked for this prior and for a particularized need for grand jury testimony. And I got some, but not all and I got what I think I was entitled to at that time. Here now they are saying that these, that these offenses, that the elements of these offenses were presented to the grand jury and that they voted on these numbers.

\*\*\*

MR. DESMOND: Yes, sir.  I don't - - there is no evidence presented to you that this grand jury took any evidence on any of that or signed an incorrect number.  You have no evidence of this at all.  And in fact, the State is going to stand up and say, well, he knew what he was defending here, so he is not prejudiced.  The truth is to prejudice, sir, is they have no evidence that this is what the grand jury indicted on.  Thank you, sir.

{¶38}  The trial court ruling found no particularized need, finding "based on the overall presentation to the Court, the Court is convinced that it was a scrivener error and deny the motion for the grand jury testimony that is asked for by the defendant."  T. at 50.

{¶39}  Upon review, we concur with the trial court's analysis.

{¶40}  Assignment of Error III is denied.

IV

{¶41}  Appellant claims insufficient evidence to sustain his convictions for theft, theft in office, tampering with evidence, and falsification.  We disagree.

{¶42}  In his brief at 22-24, appellant couched his arguments on specific items that were stolen, to wit: leg irons/cuffs from the Morrow County Sheriff's Office, a weed eater, welder, and mower from Candlewood Lake, a hydraulic pump, crimper, and foot pedal from Custom Power Services, a trailer and air conditioners from Morrow County, and ATVs from the Morrow County impound lot.  Appellant also argued insufficient evidence as to the valuation of the items.

{¶43} The bill of particulars filed on October 24, 2011 states Count 14 in Case No. 2008CR0128 involved the theft of leg irons/cuffs. In a verdict filed November 23, 2011, the jury found appellant "not guilty" of this count. Appellant was not convicted of stealing leg irons/cuffs.

{¶44} Appellant was employed as a security officer at Candlewood Lake from approximately 2007 to 2009, and had access to all of the keys to the gates and padlocks. T. at 586-587. Greg Perry, a Morrow County Sheriff's Deputy in 2008, testified a mower stolen from Candlewood Lake was found at the home of appellant's parents. T. at 203. The license plate from the trailer that the mower was on when it was stolen was discovered in appellant's pond, 242' from his home. T. at 231-232, 263, 471-472. The weed eater and welder stolen from Candlewood Lake were discovered in appellant's home with the serial numbers partially scratched off. T. at 164, 202-208.

{¶45} Deputy Perry testified the hydraulic pump with an attached foot pedal from Custom Power Services was found in appellant's pond. T. at 232, 263, 266. He said the pump and foot pedal appeared to be the same pump and foot pedal he had previously seen in appellant's garage. T. at 152, 258-259, 266. Deputy Perry also photographed the crimper located in appellant's garage. T. at 262. While on duty as a police officer, appellant checked the doors of Custom Power Services on May 18, and June 12, 2008. T. at 277-279.

{¶46} Deputy Perry testified the stolen air conditioners and trailer from Morrow County and the ATVs from the impound lot were discovered in appellant's home. T. at 154-157, 159, 166-171, 188-190, 253-254, 282-284. A license plate on the trailer was registered to appellant. T. at 148, 470-471. The license plate belonging to Morrow

County that had been on the trailer was discovered in appellant's pond. T. at 149, 232. On the night the air conditioners and trailer went missing, appellant was on foot patrol at the Community Services Building where the air conditioners had been stored. T. at 190-192.

{¶47} The state presented evidence substantiating the value of the stolen items. T. at 172, 459-461, 483, 551-553, 594-595, 710-711.

{¶48} Appellant testified and denied stealing any of the items. T. at 812, 816-817, 819-821.

{¶49} We note circumstantial evidence is that which can be "inferred from reasonably and justifiably connected facts." *State v. Fairbanks,* 32 Ohio St.2d 34 (1972), paragraph five of the syllabus. "[C]ircumstantial evidence may be more certain, satisfying and persuasive than direct evidence." *State v. Richey,* 64 Ohio St.3d 353, 1992-Ohio-44. It is to be given the same weight and deference as direct evidence. *State v. Jenks,* 61 Ohio St.3d 259 (1991). In addition, the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶50} Based upon the evidence presented, we find sufficient evidence, if believed, to convict appellant of the complained of counts.

{¶51} Assignment of Error IV is denied.

{¶52}  The judgment of the Court of Common Pleas of Morrow County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Delaney, J. concur.

SGF/sg 421